[No. 13880.   In Bank. — January 30, 1891.]

## ALFRED CLARKE, APPELLANT, *v.* CHRISTIAN REIS, RESPONDENT.

POLICE-OFFICER — PAYMENT INTO INSURANCE FUND — VESTED RIGHT — CON-
TINGENCY. — A police-officer of the city and county of San Francisco
has no vested right to the sum paid by him into the insurance fund cre-
ated under the act of April 1, 1878 (Stats. 1878, p. 879), except upon the
happening of the contingencies mentioned in the act.

ID. — DISMISSAL OF OFFICER — REPAYMENT — MANDAMUS — INSUFFICIENT
PETITION. — The police-officer, upon his dismissal from the force, is not
entitled to a *mandamus* to compel repayment of the sum paid by him
into the insurance fund, if the petition is insufficient to bring him within
any of the contingencies of the statute which he invokes.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion.

*Alfred Clarke, in pro. per.*, and *Jennie Laird*, for Appellant.

*George Flournoy, Jr.*, for Respondent.

The case of *Pennie* v. *Reis*, 80 Cal. 266, subsequently affirmed in 132 U. S., is conclusive of the entire contention of plaintiff.

FOOTE, C. — This action was brought for the purpose of forcing, by writ of mandate, the respondent to pay the appellant, who was the assignee of a claim of a dismissed police-officer, one Pugh, the amount of $256 principal, and costs and damages to the amount of $25.

This sum of money was claimed under and by virtue of an act of the legislature approved April 1, 1878. (Stats. 1878, p. 879.)

It is asserted that the two dollars per month which the police-officer claims to have paid into the fund held by the treasurer was money in which he had a vested

right, and that on his discharge he was entitled to have it returned to him or his representative.

The petition was demurred to as not stating facts sufficient to constitute a cause of action; the demurrer was sustained, and the writ dismissed. From the judgment rendered in the premises this appeal is taken.

The statute under which this right is set up by the plaintiff has received construction from the appellate court of this state in *Pennie* v. *Reis*, 80 Cal. 269, and from the supreme court of the United States in the same case on writ of error. (132 U. S. 471.) These cases hold that a police-officer, such as the assignor of the appellant, never had any claim on the fund involved here, except upon the happening of certain contingencies, mentioned in the act of the legislature of California to which we have just adverted, under which act alone could any right have vested in the plaintiff or his assignor.

The voluminous and argumentative petition filed herein does not, in our opinion, state such facts as bring the appellant within any of the contingencies of the statute which he invokes, and we therefore advise that the judgment be affirmed.

HAYNE, C., and BELCHER, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.