## Krein v. Fairmount Park Guard Pension Fund Association. Concannon v. Fairmount Park Guard Pension Fund Ass'n.

*Albert L. Moise,* for plaintiff; *Theo. S. Paul,* for defendant.

ALESSANDRONI, J., July 17, 1930.—The plaintiff's (Krein's) statement of claim averred that the defendant was a corporation for the purpose of accumulating a fund contributed by its members and other sources in order that pensions might be paid to its members in accordance with the by-laws of the defendant duly approved by the Commissioners of Fairmount Park; that membership is limited to the Fairmount Park guards; that he was required to join the defendant association immediately upon becoming a member of the Fairmount Park guard and was required to pay one day's pay per month to the defendant association or else be subject to suspension from his employment; that he resigned on July 4, 1929, at which time he had paid $330 into the defendant association, which he now seeks to recover.

The plaintiff, Concannon, in his statement of claim averred substantially the same facts, except that he was discharged and had paid into the defendant association the sum of $234 up to the time of his discharge in August, 1927, which he seeks to recover.

The defendant filed an affidavit of defense raising questions of law as to the sufficiency of the statements of claim. Copies of the by-laws of the Fairmount Park Pension Fund Association were attached to and made a part of the statements of claim.

The by-laws of the defendant association provide that pensions may be awarded to (1) any member permanently incapacitated by reason of injuries received while in the actual discharge of his duties; (2) any member permanently incapacitated after ten years of service from discharging his duties for any cause other than that enumerated in (1); (3) any member who has served twenty years and been honorably discharged; (4) any member who has served twenty years and attained the age of fifty may voluntarily become a pensioner; (5) the widow of any member permanently incapacitated in the

discharge of his duties; (6) the children of such deceased member under fourteen years of age; (7) dependent parents of such deceased member, provided no widow or children are drawing the pension. Various sums are awarded to the beneficiaries outlined above according to their qualification. There is no provision for the repayment of money paid into the association by members upon their discharge or resignation.

The by-laws of the defendant association, which was not organized for profit, clearly confer no right upon members under circumstances such as these to a return of payments made by them. During the time that he was employed he and his family were entitled to the benefits and pensions as outlined in the by-laws. It is immaterial that he did not actually receive monetary benefits. The mere fact that he and his family were entitled to the various sums set forth should certain contingencies occur is sufficient and ample consideration for the payments made. A comparison of the pensions to be awarded with the amounts to be paid clearly indicates that the defendant association could not exist if it was compelled to refund all payments made in situations such as this.

The plaintiff fully contracted to be bound by the by-laws of the defendant association, and these do not grant him the right of refund. In these cases the payments made were compulsory, and it was so stated in the plaintiffs' statement of claim. The authorities clearly indicate that in situations such as these the employee has no claim except upon the happening of the contingencies that entitle him to the benefits or pensions provided by the regulations of the corporation: Clarke v. Reis, 87 Cal. 543; Pennie v. Reis, 132 U. S. 464; also, see note in 54 A. L. R. 943, in which it is stated that there is no fixed right in such a fund if part of the funds are derived by compulsory payments of the employees, citing Pennie v. Reis, *supra;* Griffith v. Rudolph, 298 Fed. Repr. 672; Ryan v. Foreman, 262 Ill. 175.

It is stated in 21 Ruling Case Law, 243, that "by the great weight of authority the fact that a pensioner has made such compulsory contribution does not give him a vested right in the pension." In 43 Corpus Juris, 814, the law is stated: "But officers who have no claim on a fund except upon the happening of a certain event are not entitled to the return of the amount contributed by them to the fund, where they are discharged from the force before the happening of the prescribed event."

The plaintiffs have sought to amend their statement of claim so as to bring their status under the Act of May 20, 1915, P. L. 566, as amended by the Act of July 5, 1917, P. L. 689, which requires cities of the first class to create a pension fund for "employees of said cities, and of all county or other public employees, if any, paid by appropriation of the city councils thereof, and out of the city treasury thereof. . . ." The act also provides for repayment of the amount contributed upon termination of the employment. This amendment, however, does not validate the plaintiffs' claims. That act applies only to pension funds created by cities of the first class. The fund herein involved is controlled by a separate corporation, subject only to the control of the Commissioners of Fairmount Park, who, under the authorities, constitute a separate and independent government body which is not answerable to the city nor subject to its control: Philadelphia v. Spangler, 9 D. & C. 577, and the authorities cited therein.

And now, to wit, July 17, 1930, the affidavits of defense raising questions of law are sustained, and judgment in each case entered for the defendant.