ROBERT RICHARDS, Plaintiff, *v.* THE CITY OF GENEVA, NEW YORK, Defendant.

Supreme Court, Trial Term, Ontario County, October 9, 1936.

*Joseph J. Spillane,* for the plaintiff.

*Albert G. Kirby, City Attorney,* for the defendant.

CUNNINGHAM, J.   The plaintiff was employed by defendant as patrolman between the 29th day of May, 1927, and the 15th day of March, 1935.   On the latter date the plaintiff " left the employ of defendant."   The complaint alleges that " the defendant during each and every year of plaintiff's said employment retained from plaintiff's salary sums of money which said sums of money were retained by defendant as part of what is known as the police pension fund."

In 1927 the defendant adopted a local law amending an act formerly passed by the Legislature establishing the police pension fund of the city of Geneva.   The court will take judicial notice of this local law.   (City Home Rule Law, § 32; *Greiner* v. *City of Syracuse,* 228 App. Div. 566; affd., 256 N. Y. 688.)

The City Home Rule Law also provides that local laws of cities shall be filed in the office of the Secretary of State and shall be published annually as a supplement to the Session Laws.   (City Home Rule Law, § 22.)

The Local Laws of Cities in State, published as supplement to the Session Laws, show that the local law adopted in 1927 was in force all during the time of plaintiff's service as a patrolman.

The local law provides that the " commissioners of police shall monthly, or as often as the pay-rolls for the police department are

made up, deduct two per cent of the respective salaries paid to members of the police force;" that the amount so deducted shall be paid into the police pension fund. Various other sums are also made a part of the police pension fund. (Geneva Local Laws of 1927, No. 4, § 174.)

The local law does not provide that the amount deducted from the pay of a member of the police department shall be returned to him in case he resign before he becomes entitled to a pension. The money in the police pension fund may be used only for the payment of pensions. (Geneva Local Laws of 1927, No. 4, §§ 180, 181.)

The plaintiff having resigned, is not entitled to recover the amount authorized to be deducted from his salary and which was paid into the police pension fund. The moneys in that fund are public moneys and may be used only for the purposes specified by law. (*Clarke* v. *Reis*, 87 Cal. 543; 25 P. 759; *People ex rel. Freligh* v. *Matsell*, 94 N. Y. 179; *Pennie* v. *Reis*, 132 U. S. 464; *State ex rel. Risch* v. *Board of Trustees of Policemen's Pension Fund*, 121 Wis. 44; 98 N. W. 954.)

Judgment may be entered in favor of the defendant dismissing the complaint, with costs.