PAULINE GENTHNER, Individually and as Administratrix, etc., of CHARLES F. GENTHNER, Deceased, Plaintiff, *v.* LEWIS J. VALENTINE, as Police Commissioner of the City of New York and as Trustee of and Treasurer of the Police Pension Fund of the City of New York, Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District, July 11, 1939.

*Howard A. Newman,* for the plaintiff.

*William C. Chanler, Corporation Counsel [Charles E. Hirsimaki* of counsel], for the defendant.

WHALEN, J. Plaintiff is the widow and administratrix of the estate of Charles F. Genthner, deceased. Charles F. Genthner was a member of the police department of the city of New York and died from natural causes on March 7, 1935, while still a member of the department. Plaintiff now sues to recover the pension moneys deducted from the salary of the deceased during the period of his service in the police department. Her rights depend upon the provisions of sections 351 to 357, inclusive, of the Greater New York Charter, which have been carried over into sections B18–1.0 to B18–13.0 of the Administrative Code of the City of New York, governing the police pension fund. There is no provision whatever in these sections for the return, to a policeman or his representatives, of any of the deductions made from the salaries of members for pension purposes. The pension fund, according to law, is made up of a number of different elements, including rewards, fees, gifts, testimonials paid or given to any member of the police force, lost property, license fees, etc., in addition to a deduction of two per cent of the monthly pay of each member of the police force. These contributions are not sufficient to pay the necessary pension moneys, and the balance is made up by the board of estimate including in the budget each year a sum sufficient to provide for the deficiency. In this connection subdivision 9 of section B18–1.0 of the Administrative Code reads: " A sum of money equal to but not greater than two per cent of the monthly pay, salary or compensation of each member of the police force, which sum shall be deducted monthly by the comptroller from the pay, salary, or compensation of each and every member of the police force and such comptroller shall deduct such sum of money and forthwith pay the same to the treasurer and trustee of such fund."

Section B18–5.0 of the Administrative Code gives specific directions as to the disposition of such funds by the police commissioner for pension purposes. Included in these provisions is one for the payment of a pension to the widow of a policeman who dies from natural causes while in the service of the police department. The deceased left no children and no parents, and it appears that plaintiff might possibly be entitled to a pension, but this is not an application for a pension and this court would have no power to direct the police commissioner to grant a pension. This is a simple action at law to recover the pension deductions, and the plaintiff's action must fail for the fundamental reason that these pension deductions were never the property of the deceased. A leading case on this point is *Pennie* v. *Reis* (132 U. S. 464 [1889]), where a recovery was denied to the legal representative of a police officer. In that case the court stated, in part: " Notwithstanding, there-

fore in this case, the petitioner avers that the deceased police officer contributed out of his salary two dollars a month, pursuant to the law in question, and, in substance, that the fund which was to pay the one thousand dollars claimed was created out of like contributions of the members of the police, the court, looking to the statute, sees that, in point of fact, no money was contributed by the police officer out of his salary, but that the money which went into that fund under the act of April 1, 1878, was money from the State retained in its possession for the creation of this very fund, the balance — one hundred dollars — being the only compensation paid to the police officer. Though called part of the officer's compensation, he never received it or controlled it, nor could he prevent its appropriation to the fund in question. He had no such power of disposition over it as always accompanies ownership of property."

In the case of a police officer of the city of New York the deduction for the pension fund is compulsory. He has no option to say whether or not it shall be deducted and it cannot be properly said to be a contribution on his part. The rule is different with some of the pension funds; for instance, that of the New York city employees' retirement system and also the health department pension fund, where membership and contribution by the employee are voluntary and such an employee has the right to withdraw his pension deductions on his removal from the service and his legal representative would have a right to recover those deductions after his death.

The same result was reached in the case of *Richards* v. *City of Geneva* (161 Misc. 572), where a policeman left the service of the city and was held not to be entitled to the return of the deductions made for the police pension fund. Also in *Jones* v. *Valentine* (164 Misc. 443; affd., 276 N. Y. 585), where a retired policeman was held not to be entitled to recover, as money damages, the amount of pension moneys withheld while he held office, subsequent to his retirement as a deputy sheriff. Another police case is that of *Graven* v. *Scott* (249 App. Div. 514), where a retired police officer of the city of New Rochelle sought to recover from the trustees of the police pension fund of that city the amount of his deductions for the pension fund. The Appellate Division held that the statute contained no provision authorizing a refund to a police officer, upon his resignation, of such contributions.

The same rule of law has been held to apply to the relief and pension fund of the department of street cleaning. (*Solow* v. *Carey*, N. Y. L. J. March 12, 1937, p. 1246; *Ench* v. *City of New York*, Id. Nov. 16, 1935, p. 1897; *Matter of Cosgrove [Carey]*, Id. Sept. 24, 1937, p. 807.)

Plaintiff claims that the factual situation in this case is different from that existing in any of the cases cited by the corporation counsel; nevertheless, the reasoning in the case of *Pennie* v. *Reis* (132 U. S. 464) and followed in the other cited cases inevitably leads to the conclusion that the deceased police officer in this case never had any title to or right to possession of the moneys deducted from his salary and turned over to the police pension fund and consequently they formed no part of his estate, and the complaint of the plaintiff must be dismissed on the merits.