28255.   GREEN *v.* WEST *et al.*

DECIDED MAY 14, 1940.

*Walter A. Sims, Ralph G. Sims,* for plaintiff.

*J. C. Savage, C. S. Winn, E. L. Sterne, J. C. Murphy,* for defendant.

SUTTON, J.   A. L. Green filed his petition against the Board of Trustees for the Relief and Pension Fund of the members of the Atlanta Police Department, the board being composed of West and

other named persons. He alleged, that he was a member of the police department of the City of Atlanta from December 13, 1921, to October 29, 1937, when he was discharged from the police department for being drunk and driving an automobile while intoxicated; that from September, 1925, through October 29, 1937, certain deductions were made from his salary each month by the City of Atlanta, and paid into the police pension fund which was created and authorized by an act of the legislature in 1925 (Ga. L. 1925, p. 234), the total amount thus deducted and paid being $312.37; and that after his discharge he made demand for a refund of the amount thus contributed by him to the pension fund, which was refused by the board of trustees. He asked for a judgment for said sum. The court sustained the defendant's general demurrer and dismissed the action, and the exception is to that judgment.

The General Assembly of this State passed an act, approved August 18, 1925 (Ga. L. 1925, p. 234), providing for the establishment of a pension fund for the members of the police department and their dependents, in cities having a population of 150,000 or more. It was provided in this act: (Sec. 2) That every regular member of such police department in active service at the time of the passage of this act, and future members, may as a matter of right retire from active service, provided he shall have served twenty-five years in active service at the time of his retirement. (Sec. 3) That any member of said department totally disabled from poor health or injury as a result of said service shall, upon application, be retired. (Sec. 4) When such a member shall retire as a matter of right, he shall be paid a pension as therein provided for, or, in case of his death, then his dependents shall draw his pension. (Sec. 9) A tax of one per cent. shall be levied monthly on the salaries of all members of the police department in active service at the passage of this act, and the city treasurer shall retain that amount from their salaries. The act of 1925 was repealed by an act approved February 15, 1933 (Ga. L. 1933, p. 213). This later act (Sections 2, 3, 4, and 5), in so far as a consideration of the present case is concerned, made substantially the same provisions for retirement and payment of pensions to members of the police department as did the act of 1925. Section 9 of the act of 1933 provides for a levy of $3 per month against the salaries of all members of the police department, and the city treasurer shall retain

said amount and deposit the same in the pension fund. Section 6 of both of said acts established a board of trustees to collect, manage, and pay the pensions therein referred to. The plan and purpose of these two legislative enactments, as therein stated, was to furnish a pension to the aged, infirm, and disabled members of the police department, and to their dependents.

There is no provision in the act of 1925 or in the act of 1933 for returning to a member of the police department, who has been discharged therefrom, any amount which had been assessed against his salary and retained by the city treasurer and paid into the pension fund. It is the general rule that amounts thus assessed against the salaries of such officers and retained by and paid into a pension fund do not become the property of the officer, and he has no vested right therein until the happening of the event or contingency authorizing the payment of the money or a part thereof to him or his family as provided by the act of the General Assembly. "In some instances pension funds are maintained in part by compulsory contributions of the beneficiaries thereof. This is generally true where the beneficiaries are policemen or firemen; and in such a case the statute creating the fund ordinarily authorizes the proper official to retain weekly or monthly a certain per cent. of the prospective pensioners' pay. By the great weight of authority the fact that a pensioner has made such compulsory contribution does not give him a vested right in the pension." 54 A. L. R. 945. It was said in Pennie v. Reis, 132 U. S. 464, 470 (10 Sup. Ct. 149, 33 L. ed. 426) : "Notwithstanding, therefore, in this case the petitioner avers that the deceased police officer contributed out of his salary two dollars a month, pursuant to the law in question, and in substance that the fund which was to pay the one thousand dollars claimed was created out of like contributions of the members of the police, the court, looking to the statute, sees that in point of fact no money was contributed by the police officer out of his salary, but that the money which went into that fund under the act of April 1, 1878, was money from the State retained in its possession for the creation of this very fund, the balance—one hundred dollars—being the only compensation paid to the police officer. Though called part of the officer's compensation, he never received it or controlled it, nor could he prevent its appropriation to the fund in question. He had no such power of disposition over it as always accompanies

ownership of property. . . Being a fund raised in that way, it was entirely at the disposal of the government until, by the happening of one of the events stated, . . the right to the specific sum promised became vested in the officer or his representative. . . Such being the nature of the intestate's interest in the fund provided by the law of 1878, there was no right of property in him of which he or his representative has been deprived."

In Clarke *v.* Reis, 87 Cal. 543 (25 Pac. 759), dealing with a case very similar to the present one, it was said: "It is asserted that the $2 per month which the police officer claims to have paid into the fund held by the treasurer was money in which he had a vested right, and that on his discharge he was entitled to have it returned to him or his representative. The petition was demurred to as not stating facts sufficient to constitute a cause of action; the demurrer was sustained, and the writ dismissed. From the judgment rendered in the premises this appeal is taken. The statute, under which this right is set up by the plaintiff, has received construction from the appellate court of this State in Pennie *v.* Reis, 80 Cal. 269, 22 Pac. Rep. 176, and from the Supreme Court of the United States, in the same case, on writ of error. 132 U. S. 471 [supra]. These cases hold that a police officer, such as the assignor of the appellant, never had any claim on the fund involved here, except upon the happening of certain contingencies, mentioned in the act of the legislature of California, to which we have just adverted, under which act alone could any right have vested in the plaintiff or his assignor."

In Hughes *v.* Traeger, 264 Ill. 612 (106 N. E. 431, 433), it was said: "The effect of the law was to reduce the salary which the complainant would receive, $2 a month, but he was not thereby deprived of his property, for he had no property in the unearned salary. It is true that the complainant acquires no vested interest in the fund created by the statute, for there is no contract by the State or the city that the disposition of the fund may not be changed in the future, and in such event the complainant's expectancy might be destroyed. The $2 a month deducted from the pay of each employee does not become the property of such employee and can not be controlled or disposed of by him." The holding in State *v.* Board of Trustees, 121 Wis. 44 (98 N. W. 954), is to the same effect. In Graven *v.* Scott, 249 App. Div. 514 (292

N. Y. S. 771), the court held that a policeman who resigned from the police force was not entitled to recover amounts contributed monthly from his salary to a pension fund where the statute providing for the fund did not authorize a refund to such officer.

The cases of *Trotzier* v. *McElroy*, 182 *Ga.* 719 (186 S. E. 817), and *West* v. *Anderson*, 187 *Ga.* 587 (1 S. E. 2d, 671), cited by counsel for plaintiff in error, are distinguishable from the present case. In the *Trotzier* case the fireman had become entitled to and was receiving a pension of $100 per month; and it was held that his right thereto had become vested and could not be reduced or taken away from him by a subsequent act of the legislature as there attempted. In the *West* case the fireman had been retired, and was receiving a pension at the time of his death; and it was held that his widow had such vested right therein as could not be altered by a later act of the legislature. There is nothing in either of these decisions contrary to what is being held in the case at bar. Under the facts alleged and the law applicable, the plaintiff did not have a property right in the amounts assessed against his salary as a member of the police department of the City of Atlanta for the police pension fund, and which was retained by and paid into the pension fund by the city, and he was not entitled to recover in the present case. Therefore the court did not err in sustaining the general demurrer to the petition.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*