This matter was initiated prior to September 15, 1948, and an alternative writ of mandamus was allowed. Because it was a pending prerogative writ matter, it comes to this court for decision. C. 367, L. 1948, § 13. We treat it as though under the new rules.
Plaintiff was a member of the Maywood Police Department from 1939 to 1942 when he entered the United States Military Service. Upon his honorable discharge therefrom he resumed his duties in the department. In 1948 he commenced employment in the Bergen County Police Department. Upon changing from the municipal to the county police department, he requested that all moneys to his credit in the Police Pension Fund of Maywood be transferred to the State *Page 465 
Police and Firemen's Retirement System. The defendants refused to do so asserting that plaintiff is not entitled to withdraw and transfer his contributions.
R.S. 43:2-1 provides that "any officer or employee who is a member of and entitled to benefits in any retirement system or pension fund operated wholly or partly by the state * * * may transfer his membership to another retirement system upon accepting an office or position in another branch of service * * *." It is argued that since the State of New Jersey appropriates $1,000,000 annually to be apportioned among the municipal firemen's and police pension funds that this puts the municipal fund in the category of being "operated wholly or partly by the state." This is not so. R.S. 43:16-7 places the management and control of the fund in a commission appointed for that purpose under authority of R.S. 43:16-6.
In 1945 the Legislature enacted R.S. 38:23A-3. It reads: "Whenever in any law, any rights, privileges or benefits are granted to persons holding any appointive office, position or employment in either the State, county or municipal government by reason of having been honorably discharged from the armed services of the United States in any of its wars, such persons shall include all those engaged in the public service in any of its branches within this State. No distinction shall be made by reason of the source of the public funds from which such person is paid or the changes in or from the governmental office, position or employment to any other branch of the government within this State." It is said that the plaintiff has "rights, privileges or benefits" which R.S. 38:23A-3 protects and we are referred to R.S. 43:14-43 and R.S. 43:9-6.1 as establishing such "rights, privileges or benefits." Both of the statutes last above mentioned deal with the right of veterans to withdraw from pension systems and each expressly limits the right to withdraw to an application made "during the continuance of his employment." In this case the plaintiff does not meet the above quoted condition.
For the reasons stated, judgment is entered for defendants. *Page 466