8 N.J. Super. 575 (1950)
73 A.2d 757
DENNIS McFEELY, PLAINTIFF,
v.
THE PENSION COMMISSION OF THE CITY OF HOBOKEN, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided June 6, 1950.
*576 Mr. James F. McGovern, for the plaintiff.
Mr. Dominick R. Rinaldi, for the defendant.
*577 PROCTOR, J.S.C.
Plaintiff has moved for a summary judgment.
It appears that plaintiff was a member of the Police Department of the City of Hoboken from July 1, 1931, to September 23, 1949, when he submitted his resignation which was accepted. While he was a member of the police department he served in various capacities from patrolman to acting chief, holding the rank of captain at the time of his resignation. All during this period, he was a member of the Police and Firemen's Pension Fund of the City of Hoboken and there was deducted from his salary in semi-monthly installments a total of $3,084.22, which was paid into the fund. The plaintiff requested the return of the amount so deducted, and the defendant, Pension Commission, refused to return the contributions paid, on the ground that it lacked authority to make such payment under the statute creating and empowering it to administer the fund.
The sole issue to be determined is whether the Police and Firemen's Pension Commission is empowered by the provisions of R.S. 43:16-1 et seq. to return the aforesaid contributions made into such fund during plaintiff's service as a member of the Police Department of the City of Hoboken.
The incidents of a pension fund are not such as to constitute a contractual or vested right between the employee and the municipality; and the employee has no rights except those based upon and within the pertinent statute. Laden v. Daly, 132 N.J.L. 440 (Sup. Ct. 1945); affirmed, 133 N.J.L. 314 (E. & A. 1945). This is true even though compulsory deductions from the salaries of employees for the support of the pension fund were made. Bennett v. Lee, 104 N.J.L. 453 (Sup. Ct. 1928). There is nothing within the pertinent statute (R.S. 43:16-1 et seq.) which empowers the pension commission to return to an employee the amounts deducted from the employee's salary and paid into the fund. That the Legislature intended that there be no return of such deductions is apparent from an examination of other pension statutes. Where the Legislature intended to allow refunds *578 from pension funds it has made specific provisions for such refunds. See R.S. 43:10-8 (County Pensions and Retirement); R.S. 43:13-10 (Municipal Pensions); R.S. 43:14-29 (State Retirement System); R.S. 18:13-65 (Teachers' Pension and Annuity Fund). See also R.S. 43:16A-11 (Police and Firemen's Retirement System (New)), which plaintiff concedes does not apply to the present case.
Plaintiff contends that if the amount he paid into the fund is not refunded, the Pension Commission will be unjustly enriched. However, plaintiff overlooks the fact that the moneys paid out of the fund upon retirement, death or disability are not derived solely from salary deductions from employees but also come from other sources. See R.S. 43:16-5. Plaintiff, as a member of the retirement system, contributed only a fraction of the amount he would have received had he become disabled or eligible for retirement. In return for his contributions he has had the benefit and protection of the pension system. Indeed, the Supreme Court of the United States in Pennie v. Reis, 132 U.S. 464, 33 L.Ed. 426 (1889), has held that compulsory contributions, such as are here involved, are in effect but a reduction in salary; that the contributions never in fact become the property of the member, but remain the property of the city, and that the fund set up in part of such so-called contributions is, insofar as so constituted, made up of public funds.
It is the court's conclusion that, since there is neither statutory provision nor legislative intent to provide for a refund of the deductions made from the salary of an employee who has resigned, there can be no recovery. Cf. Abrams v. Hogan, 4 N.J. Super. 463 (App. Div. 1949).
Plaintiff's motion for summary judgment is denied.