Thomas H. REAGAN, Appellant,

v.

BOARD OF FIREMEN, POLICEMEN AND FIRE ALARM OPERATORS' PENSION FUND TRUSTEES OF SAN ANTONIO, Texas, Appellee.

No. 13257.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 20, 1957.

Rehearing Denied Dec. 18, 1957.

Porter, Madalinski & Mondin, Wm. M. Porter, San Antonio, for appellant.

Harvey L. Hardy, Max N. Clifton, E. G. Bradley, San Antonio, for appellee.

POPE, Justice.

This is a suit for the recovery of money which appellant, Thomas H. Reagan, asserts he paid into the Policemen's Pension Fund of the City of San Antonio. The

trial court granted a summary judgment for the Board of Pension Fund Trustees and denied the refund. The Board admitted every allegation of Reagan. Willoughby v. Jones, 151 Tex. 435, 251 S.W.2d 508.

When Reagan first joined the police force, he became a member of the Pension Fund and contributed five per cent of his base salary from January 11, 1944, until he was discharged for cause on March 15, 1955. He claims no pension rights but claims he is entitled to the return of approximately $1,500 contributed to the Pension Fund out of his salary. The statutes themselves are silent concerning either a right to a refund or a denial of such right. Some statutes and some municipal ordinances have such provisions, but cases arising under such express laws are not helpful in interpreting statutes which are silent on the subject. Genther v. Valentine, 172 Misc. 38, 14 N.Y.S.2d 935. Reagan's participation in the Pension Fund was voluntary up to the time of the amendment of Section 7 of Article 6243f in 1951. Sec. 7, Art. 6243f, Vernon's Ann.Civ.Stats.; Acts 1941, 47th Leg. p. 134, ch. 105; Acts 1951, 52d Leg. p. 86, ch. 56.

■ The Pension Law shows its general purpose and it rather fully expresses an intent that a policeman's right to the Fund is limited to the right of protection and participation in the fund by way of retirement pensions, disability benefits, and death benefits. Secs. 8, 10, 11, 12, 13, Art. 6243f, supra. The presence of those clearly stated uses of the Pension Fund and the absence of provisions for any other expenditures would seem to exclude other kinds of expenditures or refunds such as Reagan seeks. The contributions to the fund are for the purpose of furnishing the capital out of which the purposes of the statute may be realized. There is nothing in the entire Act which would indicate the Fund is in the nature of an enforced savings account.

■ City of Dallas v. Trammell, 129 Tex. 150, 101 S.W.2d 1009, 1012, 112 A.L.R. 997, did not concern the point in this case, but the Court explained the nature of one's right of "participation" in the Fund. The Court also said: "the mere circumstance that a part of the pension fund is made up by deductions from the agreed compensation of employees does not in itself give the pensioner a vested right in the fund, and does not make it any less a public fund subject to the control of the Legislature." The general rule is stated in 3 McQuillan, Municipal Corporations (3rd Ed.), Sec. 12.146:

"Contributions made by an employee to a pension fund are not the property of the contributor or of his estate, and as a general rule are not recoverable either by the employee or his dependents, especially where the contributor has been discharged for cause."

That statement appears to be the rule followed by the great majority of the Courts. Pennie v. Reis, 132 U.S. 464, 470, 471, 10 S.Ct. 149, 151, 33 L.Ed. 426; Clarke v. Reis, 87 Cal. 543, 25 P. 759; Jolly v. City of Bremerton, 31 Wash.2d 873, 199 N.E.2d 587; Fraser v. Norwich, 137 Conn. 43, 75 A.2d 60; McFeely v. Pension Commission of City of Hoboken, 8 N.J.Super. 575, 73 A.2d 757; Abrams v. Hogan, 4 N.J. Super. 463, 67 A.2d 884; Green v. West, 62 Ga. 584, 9 S.E.2d 102; Donovan v. City of Rye, 271 App.Div. 836, 65 N.Y.S.2d 737; 62 C.J.S. Municipal Corporations § 588.

The judgment is affirmed.