O'NEAL, Plaintiff, v. TRUSTEES, SPRINGFIELD FIREMEN'S PENSION AND RELIEF FUND, Defendant.

Common Pleas Court, Clark County.

No. 50900. Decided April 29, 1959.

Lucas, Juergens & Stoll, Springfield, for plaintiff.
Richard H. Wehler, City Solicitor, Springfield, for defendant.

## OPINION
By GOLDMAN, J.

This is an action for declaratory judgment brought by plaintiff, a city fireman formerly a member of the City of Springfield Fire Department. Plaintiff was dismissed for cause from the Springfield Fire Department and seeks to establish his right to a refund of contributions made by him to the Firemen's Pension and Relief Rund during the period he served as such fireman. Defendants, the Trustees of The Springfield Firemen's Pension and Relief Fund, in their answer aver that the pension laws of Ohio prohibit them from making such refund, but concede that a justiciable question is presented and join in the prayer for declaratory judgment to determine their right to refund the contributions admittedly made by plaintiff. The cause was submitted to the Court for its determination upon an agreed statement of facts and briefs filed by the parties.

The agreed statement of facts discloses that plaintiff was appointed to the position of Fireman First Class on the City of Springfield Fire Department, on or about March 17, 1949; that on August 5, 1955 he was suspended as fireman by the Chief of the Fire Division on charges filed relating to the use of intoxicating malt or beverage in violation of the Rules and Regulations of the Fire Department; that a public hearing was held on said charges on August 16, 1955, before the Acting Director of Public Safety for the City of Springfield, Ohio; that at said hearing plaintiff was found guilty of neglect of duty, violation of the rules of the fire division relating to the drinking of intoxicating malt or spirituous beverages, failure of good behavior while on duty and other acts of misfeasance and malfeasance in office during the times and as charged in said suspension. Furthermore, the order of suspension was confirmed and adopted, and it was further ordered that no remuneration be paid plaintiff from or after the date of such suspension, which was on August 5, 1955, and the plaintiff was removed as acting fireman.

An appeal was taken to the Civil Service Commission of the City of Springfield, Ohio, and a trial board appointed by the Commission found that the plaintiff did drink intoxicating malt or spirituous beverages while on duty as a fireman in violation of the rules and regulations and instructions for the government of the Fire Department of the City of Springfield, and said board recommended to the Civil Service Commission that the plaintiff be removed as a fireman and as an active member of the Fire Division of the City of Springfield, Ohio, as of August 26, 1955, and that no remuneration be paid plaintiff from and after the effective date of his suspension, August 5, 1955. The recommendation of the trial board was apparently accepted and confirmed by

138

the Civil Service Commission of the City of Springfield, Ohio. In any event no further appeals were taken by plaintiff from the foregoing orders and findings.

In a statement submitted to the Court by the City Auditor for the City of Springfield, Ohio, with the consent and approval of counsel, it appears that through payroll deductions, from the time of his appointment to the fire department of said city, on or about March 17, 1949, to the termination date of his employment, plaintiff has contributed $938.13 to the Firemen's Pension and Relief Fund by way of payroll deductions.

The ultimate question presented to the Court for determination, is whether or not a fireman, after service for approximately six years and five months, thereafter removed as an active member of the fire division for the specific reason that he drank while on duty in violation of the Rules and Regulations of the Fire Department, following charges preferred against him and after hearings held in accordance with law, is entitled to a refund of contributions made by him through payroll deductions to the Firemen's Pension and Relief Fund.

In support of his contention that he is entitled to such refund plaintiff in his brief emphasizes equitable considerations which he urges upon this Court, based on alleged unfairness and injustice that would follow were these funds to be denied him. To do so he urges would be tantamount to inflicting a fine or punishment on him in addition to being removed from the rolls as a fireman. Plaintiff claims there is no statutory authority or reason, based on equity for such drastic action and that the order of removal made no provision for the forfeiture of the funds in question. Plaintiff further urges his right to refund on the ground that the statutes relating to pensions are silent and make no provision for refund of contributions in those instances where a fireman is discharged from the service for cause. Therefore, he concludes, to permit the defendant to retain these contributions would be unjust and inequitable.

Plaintiff further states that an exhaustive and diligent search for reported decisions in Ohio, or other jurisdictions, on this question, fails to disclose any dealing with the specific issues here involved save an Attorney General's Opinion, to which further reference will be made.

Defendants in their brief concede that the statutes involved provide specifically only for a refund to one who voluntarily resigns from active service and make no specific provisions for the same where one is removed from the service for cause as in the instant case. Defendants contend however that there are no vested rights in pension funds until a pension is granted, that until such time no vested rights accrue even though contributions to the fund are compulsory, and that because pension funds are public funds they cannot be disbursed except and only by clear authority of law. Thus, defendants contend that they have no authority to make the refund demanded by plaintiff, even if they felt so inclined, unless ordered to do so by the Court.

The sections governing pension funds are to be found in Chapter 741.01 R. C. The various sections included therein provide for the estab-

lishment of a Firemen's Relief and Pension Fund and set forth in great detail the manner of its organization and direction governing its operation.

In searching for provisions relating to disbursements and distributions of monies in the pension fund we note that §741.08 R. C., provides for a refund of contributions to a fireman who elects to remain as a member of a Municipal Retirement System, where one exists, which section is inapplicable to the instant case. Otherwise the manner and method and authority for disbursements and distributions of pension funds are governed by the provisions of §741.18 R. C. This section, in **paragraphs (a)** through **(j)** sets forth, with particularity and exactness, the various categories of disbursements of benefits and pensions under the circumstances and contingencies therein described.

The section also specifically requires that the board of trustees of a local fireman's relief and pension fund shall adopt rules and regulations for the management of such fund and for the disbursement of benefits and pensions **as therein set forth,** which means they can not be enlarged or expanded or otherwise altered by local action, insofar as the disbursements of pension funds are concerned.

Further examination of §741.18 R. C., suggests two paragraphs which warrant comment. Thus, paragraph (e) permits limited pension payments to one who has served 15 years or more and is discharged for reasons other than **intemperate habits,** etc. (Emphasis throughout this opinion by the Court.) In the instant case plaintiff did not serve 15 years and was discharged for reasons which would deny him a pension even if he had served the required time. The significance of this paragraph is in the apparent declaration by the legislature of the principle and policy not to provide a pension for one discharged from the service for certain specified causes, which include the one involved in this action.

Paragraph (i) provides that a member of a fund who **voluntarily resigns** is entitled to receive a refund of the contributions credited to his account, but attention is directed to the provision that **such retirement must be voluntary,** which again is not the situation here presented.

It is a familiar rule of statutory constructions that, "expressio unius est exclusio alterius" the "expression of one thing is the exclusion of another." For a recent application of this rule see **165 Oh St p. 445** and **37 O. Jur., p. 555.** Applying the rule to the statute here under consideration, it would seem that by specifying the conditions under which a refund of contribution may be made, the legislation expressed an intention to deny such refund under any other conditions.

It must also be granted that the Firemen's Pension Fund is a "Public Fund," "All public property and public monies, whether in the custody of public officers or otherwise, constitute a public trust fund and all persons, public or private, are charged by law with the knowledge of that fact. Said **trust fund can be disbursed only by clear authority of law.**" State, ex rel. Smith v. Maharry, **97 Oh St 272.**

Also to same effect, "a municipal police relief fund established under the law is a public trust and can be disbursed only by clear authority of law.—The rule of construction, expression unius est exclusio

alterius, is applicable to amended §4628 GC —" **State, ex rel. Hall v. Board of Trustees of Pension Fund of City of Lakewood, Ohio, et al, 149 Oh St 367.** Thus, it is clear that pensions and refunds or disbursements from the pension fund can be granted only under clear authority of law.

Is there a clear authority of law that requires defendants to make refund to plaintiff of his contributions to the fund in the circumstances here existing? This leads to a consideration of the nature of these contributions and the rights that result therefrom. The authorities are unanimous in holding that in Ohio a right to pension or to other relief under the pension laws becomes vested only when the right to receive the pension or relief becomes fixed, pursuant to the rules governing the fund, but once such rights become vested they cannot thereafter be set aside. This is because Ohio has a so-called "vested rights statute" §741.15 R. C., which is as follows:

"The granting of relief or pension to any person pursuant to the rules adopted by the Board of Trustees of the Firemen's Relief and Pension Fund vests a right in such person to obtain and receive the amount fixed by the board. Such right may be enforced by an action in mandamus instituted in the Court of Common Pleas in the county in which the person granted such relief or pension resides." For a collection of Ohio authorities on this point see 52 A. L. R. 2d p. 471 etc. and McQuillin on Municipal Corporations, Vol. 3, Sec. 12,144, and supplement.

Coming now to the specific issue before the Court, whether or not contributions may be refunded to a member of the fund upon his discharge from the service for cause, there is indeed little authority in Ohio other than an informal opinion rendered by the Attorney General for Ohio dated June 5, 1956, to which reference has heretofore been made. The Bureau of Inspection and Supervision of Public Offices requested an opinion on a number of questions, including the following: "May a fireman who has served either more or less than 15 years, but who is discharged for dishonesty, cowardice, intemperate habits, or conviction of a felony, obtain a refund of the contributions made to the Firemen's Relief and Pension Fund?" In answer to this request the Attorney General stated the following:

"A member of the Firemen's Relief and Pension Fund, who has served either more or less than 15 years, but who is discharged from the Fire Department by reason of dishonesty, cowardice, intemperate habits, or conviction of a felony **has no right** to a refund of the contributions made by him to the firemen's relief and pension fund."

Although this seems to be the only expression of opinion in Ohio on this specific issue, which was directed to the Court's attention, the many authorities reported in other jurisdictions seemingly agree with the foregoing and with the statement appearing in McQuillin on Municipal Corporations Vol. 3 on Page 522, as follows:

"**Contributions** made by an employee to the pension fund **are not the property of the contributor** or his estate **and as a general rule are not recoverable,** either by the employee or by his dependents, **especially where the contributor has been discharged for cause.**"

The Court of Appeals of Georgia interpreting a statute similar to the one in Ohio held:

"A police officer of the City of Atlanta had no vested property right in sums assessed against his salary as a member of the police department for the police pension fund and the officer upon his discharge from the police department **could not recover the amount which he had contributed to the pension fund.**" Green v. West, 9 S. E. 2d 102.

The Court of Civil Appeals of Texas, interpreting a municipal pension law in which as here the contributions were compulsory, held: ·

"A policeman who became a member of city pension fund and contributed 5% of his base salary from January 11, 1944, until he was discharged for cause on March 15, 1955, was not entitled to a return of approximately $1500 contributed to the fund out of salary, since contributions made to pension fund **are not property of contributor or his estate** and hence **are not recoverable.**" Reagan v. Board of Firemen, Pension Fund, etc., 307 S. W. 2d 958.

See also to the same effect, Jud v. City of San Antonio, 313 S. W. 2d 903 and Gaines v. Shank, 312 S. W. 2d 268. The Reagan case is well reasoned and contains a number of citations from other jurisdictions supporting the holdings there made.

This Court has been unable to find any authority from any jurisdiction contrary to those here cited.

Taking into consideration the rule of statutory construction heretofore noted, the various sections of the pertinent Ohio statutes dealing with the issues here presented, the right to pension funds as those rights have been interpreted by the Courts in Ohio and elsewhere and giving consideration to the over-all purpose of pension funds as set forth in §741.18 R. C., the Court reaches the following conclusions, to-wit:

The right of a fireman to monies in the pension fund is limited to the right of protection and participation in the fund by way of retirement pensions, disability benefits and death benefits, and for a refund of his contributions **only upon voluntary resignation** from active service; that the presence of those clearly stated uses of the pension fund and the absence of any provisions for any other expenditures, exclude other kinds of expenditures or refunds such as plaintiff here seeks.

The contributions to the fund obviously are for the purpose of furnishing the capital out of which the purposes of the pension laws may be realized. There is nothing in the entire chapter dealing with pension laws which would indicate the fund to be in the nature of an enforced savings account, as plaintiff would have it appear, and accordingly no rights to any monies therein result except as specifically provided by the statutes creating the fund and governing its operation. One who becomes a member of the Fire Department accepts appointment thereto subject to the provisions of law regulating and governing such employment, including the provisions of the pension laws, and they become a part of the terms of his employment. One cannot thereafter defeat the application of those terms merely on the grounds that they now seem to him to apply unfairly.

It may be that the law ought be otherwise, but only the Legislature

can provide the relief, which plaintiff seeks, for as the statutes now stand, the Legislature quite clearly intended to deny recovery in situations of this kind.

The Court therefore finds that plaintiff is not entitled, as a matter of law, to a refund of his contributions made to the Firemen's Pension & Relief Fund, and that there exists no authority in law which warrants or requires defendants to make the refund sought.

An entry in accordance with these findings and holdings may be drawn and submitted.