Dick ATKINSON, Judy Cashel, Nick Giffon, Rhea Gillespie, Larry Hunt, Pat McIntosh, Vicki Kaufholz, Blaine Smith and Ken Vosler, personally and as representatives of all others similarly situated, Appellants (Plaintiffs),

v.

Shirley WITTLER, State Treasurer, and Administrator of the Firemen's Pension Fund and the Wyoming Retirement Board, Appellees (Defendants),

Vicki KAUFHOLZ, Appellant (Petitioner),

v.

Shirley WITTLER, State Treasurer and Administrator of the Firemen's Pension Fund, Appellee (Respondent).

No. 5656.

Supreme Court of Wyoming.

June 28, 1982.

Thomas E. Campbell and Jack R. Gage of Hanes, Gage & Burke, P. C., Cheyenne, signed the brief, and Jack R. Gage, Cheyenne, appeared in oral argument on behalf of appellants.

Steven F. Freudenthal, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Crim. Div., Allen C. Johnson, Sr. Asst. Atty. Gen., and Carl J. Hildebrand, Asst. Atty. Gen., signed the brief and Mr. Hildebrand appeared in oral argument on behalf of appellees.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

ROONEY, Justice.

This appeal is from an order of the district court granting appellees' motion to dismiss the complaint for failure to state a claim upon which relief could be granted. Two cases had been consolidated in the district court for a determination of a common legal issue of whether or not former firemen who had served in that capacity for less than five years were entitled to a refund of their compulsory contributions to the firemen's pension fund. One of the consolidated cases was a class-action case initiated in that court, and the other was an administrative appeal. The order consolidating the two cases also ordered that the disposition of appellees' motion to dismiss filed in the civil action would be effective as to both cases.[1]

Appellants present the following issue on appeal: Was § 15–5–204(b), W.S.1977 (prior to the 1981 amendment of it),[2] which denied appellants a refund of their contributions to the firemen's pension account, unconstitutional as a taking of property for a public or private use without just compensation?

Inasmuch as it was not, we affirm.

The facts necessary for the disposition of this appeal are not in question. The appellants were all employed full time for periods of less than five years by various fire departments within Wyoming. During this employment, up to eight percent of each appellant's gross salary was withheld each month by their employers and transmitted to the state treasurer for the use and benefit of the firemen's pension account as required by state law. Section 15–5–203(a), W.S.1977. These compulsory contributions to the firemen's pension fund were not refunded when the appellants terminated their employments and the appellees refuse to do so.

Appellants contend that the failure to provide for the refund of their compulsory contributions to the firemen's pension account is a taking of their private property for public or private use without just compensation in violation of Art. 1, § 33 of the Wyoming Constitution.[3]

1. Although the propriety of entering a single order to dispose of an administrative appeal and a civil action is questionable, *Transcon Builders, Inc. v. City of Lorain*, 49 Ohio App.2d 145, 359 N.E.2d 715, 718 (1976); see *Bard Ranch, Inc. v. Weber*, Wyo., 538 P.2d 24, 38 (1975), appellants waived any possible objection by joining in the motion for consolidation and by failing to object to the disposition through a single order of the district court. *ABC Builders, Inc. v. Phillips*, Wyo., 632 P.2d 925, 942 (1981).

2. Before a 1981 amendment, § 15–5–204(b), W.S.1977, read:

"(b) After five (5) years as a full time paid fireman and up to ten (10) years, any fireman upon terminating his employment for any reason shall receive in a lump sum all the money he has contributed to the firemen's pension account, less one-half percent (½%) for bookkeeping costs."

The 1981 amendment as part of the Firemen's Pension Reform Act, Ch. 41, § 2, S.L. of Wyoming 1981, which became effective on July 1, 1981, reads:

"(b) Any fireman with less than ten (10) years of service upon terminating his employment for any reason shall receive in a lump sum a refund of all the money he has contributed to the firemen's pension account. Refund of such contributions extinguishes all rights to any benefits under this article."

3. Art. 1, § 33 of the Wyoming Constitution provides:

"Private property shall not be taken or damaged for public or private use without just compensation."

Jurisdictions which have considered the refund of an employee's compulsory contributions to a public pension fund have uniformly denied the refund absent legislative authorization.[4] These decisions are based on one of two general theories: The "gratuity" theory and the "contract" theory.

The "gratuity" theory regards the compulsory contributions as a transfer of public money from one public fund (salaries) to another public fund (pensions). Thus, the employee never acquires a property right in the funds so transferred. *Pennie v. Reis,* 132 U.S. 464, 10 S.Ct. 149, 33 L.Ed. 426 (1889); *Green v. West,* 62 Ga.App. 584, 9 S.E.2d 102 (1940); *Blough v. Ekstrom,* 14 Ill.App.2d 153, 144 N.E.2d 436 (1957); *City of Dallas v. Trammell,* 129 Tex. 150, 101 S.W.2d 1009 (1937); *Devon v. City of San Antonio,* Tex. Civ.App., 443 S.W.2d 598 (1969); *McFeely v. Pension Commission of City of Hoboken,* 8 N.J.Super. 575, 73 A.2d 757 (1950).

A claim identical to that presented by appellants was considered in *Muzquiz v. City of San Antonio,* 378 F.Supp. 949 (W.D. Tex.1974). After discussing the historical background of the "gratuity" theory, the court concluded at page 957 that:

"Given the acceptance of that rationale, then it must follow in the instant case that the monies involved were never the property of the plaintiffs in the first place; and, it must also follow, the plaintiffs cannot properly have returned or restored to them that which they did not own in the first place. Consequently, the plaintiffs cannot complain of a deprivation of property without compensation or due process of law, as the money was never 'private' at any time." (Footnote omitted.)

In *Billings v. City of Orlando,* Fla., 287 So.2d 316 (1973), the employees sought a refund of their entire contributions to the pension fund. The applicable statute provided for a refund of one-half of the contributions. The Florida Supreme Court said at page 319:

"Finally, it is claimed that the refund provision is a denial of substantive due process in that it takes petitioners' property for a public use unreasonably and unnecessarily. Although this claim appears to have some merit at first blush, it too fails. As we stated in *Anders v. Nicholson, supra,* [111 Fla. 849, 150 So. 639 (1933)] governmental employees have no property right in a pension fund unless their claim is based upon the law governing the fund, and the retention of part of the employee's salary does not make it any the less a public fund. It has been held by numerous courts in the various jurisdictions that mandatory salary deductions for a public employee pension fund do not give rise to private property rights in the fund monies until such time as the employee becomes eligible for the pension. [Citations.] And the fact that the amounts so deducted are reported as income on petitioners' W–2 forms does not *necessarily* mean that these sums are private property; mandatory contributions to the Social Security program are also reported on the W–2 form as income, and this does not give rise to any private property rights in the amounts so deducted. Money may constitute income for purposes of the federal income tax without being property of the taxpayer. *Lucas v. Earl,* 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731 (1930). And even if the sums in question were considered private property, we are satisfied as to the necessity and reasonableness of the procedure involved here, by which the 50% of contributions forfeited, in effect 'paid for' the various benefits which petitioners received under the city's pension plan. No denial of due process has been shown."

The "contract" theory regards the statutorily mandated contributions as part of the employee's contract of employment. In return for the contributions to the pension system, the employee receives the present right to death or disability protection, and the present right to a pension if he meets the statutory conditions. *Yeazell v. Copins,*

4. See: 3 McQuillin, Municipal Corporations (3rd ed. rev. 1982) §§ 12.144, 12.146; 62 C.J.S. Municipal Corporations, § 588; 60 Am.Jur.2d Pensions and Retirement Funds, § 49.

98 Ariz. 109, 402 P.2d 541 (1965); *Grace v. City of Los Angeles*, 249 Cal.App.2d 577, 58 Cal.Rptr. 388 (1967); *Derby v. Police Pension & Relief Board*, 159 Colo. 468, 412 P.2d 897 (1966); *Sandell v. Saint Paul Police Relief Association*, 306 Minn. 262, 236 N.W.2d 170 (1975); *O'Neal v. Trustees, Springfield Firemen's Pension & Relief Fund*, Ohio, 160 N.E.2d 563 (1959); *City of Edmond v. Wakefield*, Okl., 537 P.2d 1211 (1975); *Taylor v. Multnomah County Deputy Sheriff's Retirement Board*, 265 Or. 445, 510 P.2d 339 (1973); *Bakenhus v. City of Seattle*, 48 Wash.2d 695, 296 P.2d 536 (1956).

In *Stevens v. Board of Trustees of Police Pension*, La., 370 So.2d 528 (1979), the Louisiana Supreme Court said at page 531:

"From the first day of employment with the Police Department, plaintiffs were covered by the benefits of the fund, as they would have been covered by benefits from a contract of insurance, either private or under Social Security. Such a contract, though mandated by law, is neither invalid nor unconstitutional, since there are obligations on the part of the fund/insurer which, like obligations on a suspensive condition, nevertheless, exist. LSA–C.C. arts. 2041, 2043. Plaintiffs had insurance coverage as well as possible future retirement benefits. The taking contemplated and prohibited by the constitutional articles is a taking of private property for public use. U.S.Const. amend. V; LSA–Const. Art. 1, § 2 (1921). Here, not only is there no taking of private property for public use, since the use is for the members of the Police Department themselves, and plaintiffs received the benefits as they would have the benefits of insurance coverage, but there is no true taking at all, since the officers received a benefit, namely coverage, in return for amounts paid into the fund."

*Williams v. Schrunk*, 19 Or.App. 165, 527 P.2d 1 (1974), concerned an Oregon statute denying refunds of compulsory contributions to members who resigned or were discharged prior to completing five years of service. In applying the "contract" theory to appellant's claim that the section was an unconstitutional taking without just compensation, the court said at page 4 of 527 P.2d:

" * * * Clearly, a valid contract between plaintiff and defendants was created when plaintiff entered defendants' employ as a policeman. Both parties acquired rights and assumed obligations thereunder. One of these provisions was § 5–113, and the parties accordingly are bound thereby.

"We conclude that the claim that the city has taken 'funds of appellant without just compensation' is without merit, that the contract between plaintiff and the city is a valid one, and that his claim of 'overreaching' has no merit."

When the constitutionality of a statute is assailed, we are governed by the following standard:

" * * * [I]t is well settled that statutes are presumed to be constitutional unless affirmatively shown to be otherwise, and one who would deny the constitutionality of a statute has a heavy burden. The alleged unconstitutionality must be clearly and exactly shown beyond any reasonable doubt. [Citations] * * *." *Stephenson v. Mitchell*, Wyo., 569 P.2d 95, 97 (1977).

Not only have appellants failed to clearly and exactly show that § 15–5–204(b), W.S. 1977, is unconstitutional beyond a reasonable doubt, but it is sustainable under either the "gratuity" or "contract" theory.

Affirmed.