## YOUNG v. ARCHER MOTOR CO.
### No. 12363.

Court of Civil Appeals of Texas. Fort Worth.
Oct. 18, 1930.

John R. Moore, of Archer City, for appellant.

R. S. Morrison, of Archer City, for appellee.

DUNKLIN, J.

The Archer Motor Company instituted this suit against W. C. Young to recover the amount due on a note for the principal sum of $297.55, with interest thereon and 10 per cent. additional as attorney's fees, provided for in the note. That note was set out in hæc verba in plaintiff's petition.

Defendant filed an answer, consisting of a general demurrer and a general denial, together with a special plea setting up a cross-action for damages, in substance as follows:

According to allegations in his cross-action, defendant purchased from plaintiff a Fordson tractor machine and gave to him the note sued on in part payment therefor. Defendant was induced to make the purchase by the representations and warranty of plaintiff at the time of purchase that the machine was a new one and in first-class condition, when in truth it was in a very defective condition, in that it leaked oil to such an extent as to render it almost impossible to keep sufficient oil in the crank case to insure proper lubrication. After the purchase defendant repeatedly complained to plaintiff of such defects, and on each occasion thereof plaintiff promised to put the machine in good condition; and defendant relied on such promises, but all of

them were broken by plaintiff. Finally, defendant tendered back to plaintiff the machine, but the tender was refused. Prior to such tender, defendant at different times had made payments to plaintiff for the machine, aggregating $950, and each payment made after the purchase was upon the specific understanding between the parties that the defects in the machine would be repaired by plaintiff. By reason of such condition of the machine, it was worthless, and in his counterclaim or cross-action defendant sought to recover the amount so paid by him to plaintiff. .

The plaintiff then filed this special exception:

"Now comes Archer Motor Company by attorney and excepts to defendant's cross action filed herein and says that the same should be stricken from the files in this suit and not considered for any purpose, because the cross action shows on its face that it is barred by the two years statute of limitation."

That exception was sustained by the trial court, and thereafter a judgment was rendered in favor of the plaintiff against the defendant for the sum of $445.78, from which the defendant has prosecuted this appeal.

■ As against the exception, the facts pleaded must be taken as true; and it is also the rule that, in order to sustain such an exception, the facts so pleaded by the defendant must clearly show, on the face of the pleading, that the defendant's cross-action was barred by the statute of limitation of two years. It is also a familiar rule that, when a demurrer is urged, every reasonable intendment of the pleader, as evidenced by the facts alleged, must be indulged. It is to be noted that, according to allegations in the pleading, the defendant was lulled into the belief that the plaintiff would make good its representations and warranty that the Fordson tractor was a new machine and in first-class condition, by reason of repeated promises that said warranty would be made good by repairs on the machine, and which promises were never performed.

Under such circumstances, the statute of limitation would not begin to run against the defendant's cross-action until he finally discovered, or from facts within his knowledge should have known, that the plaintiff would not perform its repeated promises to make good its warranty, given at the time of the purchase of the tractor by the defendant, and on the faith of which he was induced to make the purchase. See Black on Rescission & Cancellation, vol. 2, § 544; 17 R. C. L. pp. 884, 885, §§ 243 and 244; 37 Corpus Juris, pp. 725, 726. And, since it did not appear on the face of defendant's plea that that discovery was made by him, or should have been known from facts within his knowledge, two years prior to the institution of the suit, the court erred in sustaining the exception.

■ Under the provisions of article 2017, Rev. Civ. Statutes of 1925, the defendant had the right to assert his cross-action in the same suit, since the facts upon which it was based arose out of, and was connected with, plaintiff's cause of action; but, according to the provisions of article 2015, the cross-action was "subject to such limitations as may be prescribed by law." In Mason v. Peterson, 250 S. W. 142, 146, in an opinion by the Commission of Appeals, it was held that under such circumstances the statute of limitation is applicable to the counterclaim when so pleaded. It was further held in that decision that the statute of limitation did not cut off the defense of failure of consideration. That decision has been followed in a number of cases, such as Thompson v. Lutz (Tex. Civ. App.) 278 S. W. 333; Bomar v. Steele (Tex. Civ. App.) 295 S. W. 323; Ray v. Barrington (Tex. Civ. App.) 297 S. W. 781.

■■ The special plea noted also included an allegation that there was a failure of consideration for the note in suit, yet the trial court and counsel for both parties, in their briefs here, seem to have treated the plea as a counterclaim only. And we shall so treat it, since, at all events, the two pleas would be inconsistent with each other, and, if both are relied on, it would be necessary for them to be presented as alternative pleas and not in one and the same pleading, as was done, if it can be said that the defense of failure of consideration was, in fact, presented.

At all events, we have reached the conclusion that, by reason of the court's ruling on the plaintiff's exception to the defendant's plea, the judgment of the trial court must be reversed and the cause remanded, and it is so ordered.