Billy Jack GAINES, Appellant,

v.

Harold G. SHANK, Secretary of Firemen, Policemen and Fire Alarm Operators' Pension Fund, Appellee.

No. 6774.

Court of Civil Appeals of Texas.

Amarillo.

March 17, 1958.

Rehearing Denied April 21, 1958.

Arthur N. Bishop, Jr., Dallas, for appellant.

H. P. Kucera, City Atty., Ted P. Mac-Master, Asst. City Atty., Dallas, for appellee.

PITTS, Chief Justice.

This is a suit for the recovery of money appellant, Billy Jack Gaines, paid into the Policemen's Pension Fund of the City of Dallas while he was serving the city as a policeman before he voluntarily resigned. The case was transferred to this Court from the Dallas Court of Civil Appeals as a result of the equalization of Court dockets of the Courts of Civil Appeals by the State Supreme Court and because of its nature such has been advanced for a hearing by us upon a motion of appellant with the parties to the suit agreeing in writing to waive oral argument in this Court.

The material facts are not controverted but are stipulated in writing by agreement of the parties to the effect that appellant, Billy Jack Gaines, was employed by the City of Dallas as a city policeman from October 31, 1949, to August 3, 1955; that between January 1, 1950, and August 3, 1955, appellant voluntarily paid into the Firemen, Policemen and Fire Alarm Operators' Pension Fund the total sum of $506.62 by way of regular, periodic deductions from his salary or wages; that the said Policemen's Pension Fund plan was governed during the period of time in question by the provisions of Art. 6243a, Vernon's Revised Civil Statutes, together with an Amendment thereto effective February 9, 1953; that the 1950 U. S. official population census of the City of Dallas was 432,927, bringing it within the provisions of the Statute cited; that the said fund is known to be a Contributory Fund rather than a Compulsory Fund; that although requested, no refund of these said contributions to the said fund by appellant has been made to him by the City of Dallas; that certain exhibits attached to the pleadings reveal the facts more fully, together with the transcribed oral testimony of E. Lynn Crossley, City Auditor of the City of Dallas, annexed to the stipulation.

Based upon these material facts, appellant sought by petition a mandatory injunction to compel the City of Dallas, through Harold G. Shank, Secretary of the Policemen's Fund in question, to refund to him his contributions so made to the fund in the sum of $506.62 during the period of time in question. The City of Dallas, through its Secretary, Harold G. Shank, who is also Secretary of the said Policemen's Pension Fund, together with the Board of Trustees of the said fund, answered resisting appellant's claims, contending themselves that the law does not authorize any such refund to appellant.

The case was heard by the trial court without a jury on July 10, 1957, as a result of which it found that the law governing the issues presented does not direct, command or authorize the refunding of contributions such as appellant seeks to have refunded to him, for which reason judgment for the relief sought by appellant was in all things denied, from which judgment he perfected an appeal.

Appellant asserts in his brief that the "major issue" to be here determined is whether or not a former city policeman, after resigning, should be refunded moneys he voluntarily paid into a municipal employees' retirement fund. In support of his contention, appellant cites authorities from other jurisdictions and text writers, yet he has stipulated that the issues here presented are governed by the Texas Statutes. He has presented in support of his claims other separate statutory authorities in support of pension funds of other professions, although he has stipulated that his claim is governed by a particular Article of the Statutes or a special Legislative Act, which in fact has nothing to do with other professional pensions and in his brief he

has quoted from the Dallas Press matters not reflected by the record before us in support of claims of a deliberate prejudicial scheme of misrepresentations made by the City's agents, which are not supported by the record before us. He asserts that this is "a case of first impression" and has sought to raise a constitutional question.

The constitutionality of the Act providing for the creation and operation of the fund in question has already been upheld. Byrd v. City of Dallas, 118 Tex. 28, 6 S.W. 2d 738, 740. It has likewise been held that a former police officer who voluntarily paid portions of his salary into a pension fund, even on retirement, did not have a vested constitutional right in the said fund and that the said fund is a public fund subject to the control of the Legislature, and that subsequent legislation could be enacted revising the said fund without infringing upon any constitutional rights of a member or a former member of the fund. City of Dallas v. Trammell, 129 Tex. 150, 101 S.W. 2d 1009, 112 A.L.R. 997.

The controlling question presented here has been answered adversely to appellant's claims here made in the recent case of Reagan v. Board of Firemen, Policemen and Fire Alarm Operators' Pension Fund Trustees of San Antonio, Tex.Civ.App., 307 S.W.2d 958, wherein an identical question arising out of a similar factual situation to ours was presented except the period of time there was longer, the amount paid into the fund by the policeman was more and the policeman was discharged for cause. We believe that is a well written opinion, presenting logical reasoning for the pronouncements made and is well supported by ample authorities cited. We therefore adopt the logical reasoning there presented, the pronouncements of law there made and cite the authorities there cited, in addition to other authorities we have herein cited, in support of our position in overruling all of appellant's points of error and affirming the trial court's judgment. Affirmed.