William N. GOULD, Appellant,

v.

The CITY OF EL PASO et al., Appellees.

No. 6006.

Court of Civil Appeals of Texas.

El Paso.

April 16, 1969.

Rehearing Denied May 14, 1969.

Fred J. Morton and Paul A. Echols, El Paso, for appellant.

Travis White, City Atty., John C. Ross, Jr. and Wade Adkins, Asst. City Attys., El Paso, for appellees.

## OPINION

FRASER, Chief Justice.

As stated in his brief, appellant brought suit to recover contributions in the amount of $1,258.89 made by him through salary deductions to the Firemen, Policemen and Fire Alarm Operators' Pension Fund of El Paso, Texas, while employed as a fireman in El Paso, Texas from on or about December 22, 1960 until May 31, 1966. Appellee filed its Motion for Summary Judgment and, after notice and hearing, the court granted appellee's Motion for Summary Judgment, to which plaintiff in open court excepted and gave notice of appeal to the Court of Civil Appeals for the Eighth Supreme Judicial District of Texas.

It appears that appellant voluntarily terminated his employment, and at the time of such termination was advised for the first time that he would not be able to receive a refund with respect to any of the contributions paid in by him, despite his request that such refund be made.

Appellant has two points of error, which we will consider together, in which he challenges the court's action in granting appellees' motion for summary judgment on the ground that Article 6243b, Vernon's Ann.Tex.Civ.St., is a local law regulating the affairs of the City of El Paso in violation of Article III, Section 56 of the Texas Constitution, Vernon's Ann.St., in that such statute sets up a pension fund applicable to firemen and policemen only in El Paso; and secondly, that said Article 6243b as applied to appellant denies him the equal protection of the law, in violation of Article I, Section 3 of the Texas Constitution, and in violation of Section 1 of the Fourteenth Amendment to the United States Constitution in that the legislative enactment fails to protect contributions made by firemen and policemen in other Texas cities. As set forth in the brief of the appellees the statute in question—Article 6243b—authorizes the establishment of a pension system and provides how the necessary funds are to be obtained and specifies how and to whom benefits are to be paid. Management of the fund is placed in a Board of Trustees.

We believe that the points of the appellant must be overruled for the following reasons. In the first place, there is nothing in this statute under which the pension is regulated, authorizing the trustees to pay anything to an employee who leaves the City service before he qualifies for a pension. Texas courts have uniformly held that an employee who resigns or is discharged cannot get his contributions back. Reagan v. Board of Firemen, Policemen, etc., 307 S.W.2d 958 (Tex.Civ. App.1957, n.w.h.); Gaines v. Shank, 312 S.W.2d 268 (Tex.Civ.App.1958) (Ref., n. r. e.); Jud v. City of San Antonio, 313 S.W. 2d 903 (Tex.Civ.App.1958, err.ref.). With regard to the appellant's assertion that various constitutional provisions have been violated, we will attempt to treat these matters, although only one such was briefed or assigned to this court, and although this is not a quo warranto proceeding challenging the Board of Trustees to administer the fund, nor a suit to appoint a receiver to wind up the fund, nor a suit by employees to stop the City from making deductions from pay. It is simply a demand for $1,258.89 which plaintiff maintains that he paid into the fund and now wants returned to him. We must observe that even if there had been unconstitutionality present in this controversy, appellant was presumed to know the law and the circum-

stances and regulations under which he accepted employment as a fireman; and if the money was paid under a mutual mistake of law, it has been held that such a mutual mistake is not a valid ground for recovery thereof. Galveston County v. Gorham, 49 Tex. 279 (1878). We do not find any exceptions to the rule here, such as where payment was made under duress or fraud, or advantage taken through a fiduciary relationship, or even where payment was mistakenly made out of the public treasury. None of these exceptions is pleaded in this case. City of Taylor v. Hodges, 143 Tex. 441, 186 S.W.2d 61. We repeat, there is no evidence that anyone misrepresented anything to appellant, or that any fraud, pressure or duress or overreaching occurred. His rights are fixed by statute, and he is charged with knowledge of it; and the City officials cannot change it or nullify it by failing to explain its provisions.

Now as to the constitutionality of Article 6243b, both state and national, we do not find any such to exist. It has long been held that states may enact population bracket statutes, and the constitutional questions applied thereto have been long decided. As recently as 1968 the Supreme Court, in Smith v. Davis, 426 S.W.2d 827, pointed out that in passing on the constitutionality of a statute, the court begins with the presumption of validity and presumes that the Legislature has not acted unreasonably or arbitrarily; and therefore a mere difference of opinion, where reasonable minds could differ, is not a sufficient basis for striking down legislation as arbitrary or unreasonable. The court further emphasizes that the wisdom or expediency of the law is the Legislature's prerogative and not that of the courts, and that there is a strong presumption that the Legislature understands and correctly appreciates the needs of its own people and that its determinations are based upon adequate ground. There are numberless population bracket statutes authorizing city pension plans. The first was passed in 1919.

Then the Legislature began passing other population bracket statutes on the same subject. These are in V.A.T.C.S. under the number 6243 followed by letters of the alphabet. Each of these articles, with letters after the numbers, is a complete statute divided into sections. The section applying to El Paso is "b". Since the origin of these statutes, many decisions have been handed down authorizing their application and constitutionality. We do not find that the application here is what is called a "local" law, as other cities could qualify under the same provision. It is elementary that when an appellate court is called upon to revise the ruling of a trial court, it must do so upon the record before that court when such ruling was made. Here we have a summary judgment, with no affidavits filed on either side, and therefore it must be considered on the basis of the pleadings. Therefore it follows that we must decide whether plaintiff's petition, including the amendment, states facts which, if true, would support a holding that Article 6243b is a local or special law. The pleadings mention only that the statute fails to provide a general law applicable to all cities, but applies to El Paso only. We cannot agree with this statement because, to do so, would be to say that a law is void if it does not apply to all cities, and to say that the Legislature cannot classify cities at all, which has long been held a correct prerogative of the Legislature; as, for example, the Supreme Court of Texas, in Byrd v. City of Dallas, 118 Tex. 28, 6 S.W.2d 738, held that a pension statute applying to cities of only more than 10,000 population, and, as since amended, applies to cities of 280,000 or more, was valid. It is further pointed out by the Supreme Court, in City of Ft. Worth v. Bobbitt, 121 Tex. 14, 36 S.W.2d 470, 41 S.W.2d 228, that such a statute regulating pensions, etc., at the time of its passage, affecting only one city, is not a local or special statute for the reason that other cities can qualify by population changes. The same case went on to point out that to be repugnant to the constitutional provisions

under discussion, the act must be so drawn that by its plain and explicit provisions it is made to apply to only one city in a state, and can never in any contingency apply to any other city. So we believe the law to be well established that when the statute is passed, even though there is only one city that could qualify, if it is possible for other cities to enter that classification, such law is constitutional and not repugnant to any constitution. It is only unconstitutional when it can never apply to any but one city in any possible event. As illustrated in the Bobbitt case, the population bracket was tied down to one particular census—that of 1920. That census became history, and no other city could ever qualify within the brackets of that statute as the 1920 census had expired. Appellant mentions and compares the El Paso plan to other cities, but we do not find any merit emanating from these comparisons. The Texas law has been enunciated several times to the effect that the presumption is always in favor of the validity of the legislation, and if there *could* exist a state of facts justifying classification or restrictions complained of, the courts will assume that it existed. Auto Transit Co. v. City of Ft. Worth, 182 S.W. 685 (err.ref.); Reed v. City of Waco, 223 S.W.2d 247 (err.ref.).

The present population bracket for El Paso was put in the statute by amendment passed in 1963. If it should be held void, then the El Paso plan would revert to the 1960 census, which had by its terms brought six other cities into the bracket. It appears, therefore, that Article 6243b was legal and was also valid when the appellant went to work for the City and began to contribute to the fund; and even if appellant's charge that the statute is a local or special law were sustained, it would only knock out the 1963 amendment and leave the original statute in effect. Such a situation would then permit the City of El Paso to operate the pension system as before, and the right of the fund to retain appellant's contribution would be the same, whether the 1963 amendment be valid or

not. We will not discuss the constitutionality of these bracket-type statutes any farther, as they have been passed on so many times by both state and federal courts that it is elementary that unless the statute or regulation is such that it could never apply but to one city and locality, it is constitutional. If it could only apply, as in the Bobbitt case, to one city, it could not be constitutional.

■ We have checked through the appellant's cases but do not find them in point or persuasive, in view of what we have said. With regard to appellant's second point in which he compares the different population-bracket cities and their plans to the one used in El Paso, we do not think it violates any part of the federal constitution. There are different provisions and different percentages paid into the various funds of the various cities, and different times and conditions for retirement; nor do we find merit in appellant's argument that he had a vested right, or a property right, in said fund, permitting him to withdraw his contributions. This matter was definitely set out in the case of Reagan v. Board of Trustees (supra), and Jud v. City of San Antonio (supra). The same reasoning applies to the city's contribution to the fund. Once made, they are not the property of the city, but of the fund, and the city loses control of it as the city's contribution no longer belongs to the city. These provisions enable those in control of the funds to invest them in corporate stocks and other means of investment where city funds cannot constitutionally be invested. Another theory is that the salary paid to appellant or others working in similar capacities is city money, part of which the city places in the fund, and the remainder is paid to the fireman or other employee as his salary.

■ We have carefully considered appellant's position and brief, as well as the cases cited therein, but we cannot find any legal reason that would justify the city (or even permit it) in withdrawing from the

fund controlled by trustees a sum of money to give it to a resigning employee, even though the sum of money represents the amount placed in the fund as a part of the employee's salary. Nor do we find the statute, Article 6243b, which is the one controlling the pension plan in El Paso, to be exclusive in any way. In other words, other cities could, by population changes, qualify under this same provision.

Appellant's points are therefore overruled and the decision of the trial court is affirmed.