**BELLAIR, INCORPORATED, Appellant,**

v.

**AVIALL OF TEXAS, INC., Appellee.**

No. 05–90–01591–CV.

Court of Appeals of Texas,
Dallas.

Sept. 30, 1991.

Rehearing Denied Nov. 12, 1991.

Bertran T. Bader, III, Dallas, for appellant.

Neil J. Orleans, Steven E. Clark, Dallas, for appellee.

Before ROWE, WHITTINGTON and CHAPMAN, JJ.

## OPINION

WHITTINGTON, Justice.

Bellair, Incorporated appeals from the trial court's denial of its special appearance and from the court's summary judgment against it on its counterclaim in a suit on a sworn account brought by Aviall of Texas, Inc. In two points of error, Bellair contends the trial court erred in overruling its special appearance and in granting summary judgment denying recovery on Bellair's counterclaim against Aviall. Bellair does not attack the summary judgment in favor of Aviall on the sworn account. We affirm the trial court's judgment.

## FACTS

Bellair agreed to purchase a rebuilt airplane engine from Aviall through Aviall's Seattle, Washington office. Aviall was to deliver the engine to Bellair at its place of business in Sitka, Alaska, four days later. The day after the order was placed, an Aviall salesman who was in Sitka, Alaska, picked up a check for $12,220, the purchase price of the engine, at Bellair's home office. Later that same day Bellair learned from Aviall that the promised engine had been previously sold, but was informed that Aviall would ship another promptly. Aviall ultimately delivered an engine to Bellair twenty-one days after it had been ordered. Bellair claims the additional seventeen days of "down time" to its aircraft cost it $25,-500 in lost revenue in its air taxi business.

After Bellair received delivery of its engine, it stopped payment on its $12,220 check which Aviall had not yet presented for payment.

## JURISDICTION

Aviall brought suit to recover the purchase price of the engine by filing its original petition October 31, 1989, in the district court of Dallas, Texas. After being served through the Texas Secretary of State's Office, Bellair filed its special appearance on December 15, 1989. The court set a hearing date for March 2, 1990. On December 20, 1989, Aviall filed its First Request for Admissions with attached exhibits, which included its invoices, statements covering the sworn account sued on, and Bellair's application for credit dated September 21, 1982, which contained a stipulation that "the laws of Texas shall govern all transactions between Aviall and the undersigned and that exclusive venue and jurisdiction of any dispute or suit arising between Aviall and the undersigned shall lie within the courts of the State of Texas."

On March 2, 1990, following an evidentiary hearing, the trial court denied Bellair's special appearance. At the special appearance hearing Ken Bellows, Bellair's president, testified that Bellair conducts an air taxi business in the Pacific Northwest, that it is an Alaskan corporation, and that he is Bellair's sole shareholder and holds all corporate executive offices. Bellair's home office is in Alaska; it has no offices in Texas, does not fly to Texas, and has never done any business in Texas. Bellair placed the order for the sale that is the basis of this suit in Seattle, Washington. An Aviall salesman picked up Bellair's check in payment of the engine at Bellair's place of business in Sitka, Alaska. Bellair filed its answer, an unsworn general denial. At the hearing the trial court advised Bellair that it would have thirty additional days to respond to Aviall's previously unanswered requests for admissions.

Bellair did not respond within the thirty additional days and the unanswered requests were deemed admitted. On July 3, 1990, Aviall filed a motion for summary

judgment on its sworn account reciting that its proof included deemed admissions. On July 13, 1990, Bellair, for the first time, filed a counterclaim against Aviall claiming damages of $25,500 resulting from Aviall's nonperformance of the contract in the four-day period agreed upon. Bellair based its counterclaim on breach of contract and deceptive trade practices. On July 25, 1990, Aviall filed its motion for summary judgment on Bellair's counterclaim. On August 22, 1990, Bellair filed an amended counterclaim, continuing its claims of breach of contract and deceptive trade practice and adding a claim based upon an alleged fraudulent representation by Aviall that it had an engine ready for delivery, when it did not.

On August 29, 1990, the court heard Aviall's motions for summary judgment for recovery on its sworn account and denial of Bellair's counterclaim. The court granted both motions and entered judgment for Aviall on September 5, 1990.

## PRIOR DEALINGS

Commencing in 1982 and prior to the transaction at issue, Bellair had a variety of aircraft equipment and supply transactions with Aviall and had sent a number of payments to Aviall's Dallas address. Aviall placed two such checks in evidence at the special appearance hearing and Aviall's accounts receivable supervisor, Karen MacArthur, testified that three other payments might have been made to Aviall's Dallas office in the two years immediately prior to the hearing. She did not search Aviall's records farther back than that. She stated that all payments to Aviall are mailed to its Dallas, Texas address.

## SPECIAL APPEARANCE

In its first point of error, Bellair asserts the trial court erred in overruling its special appearance. Bellair, an Alaska corporation, contends it is not amenable to the jurisdiction of Texas courts. Aviall claims the trial court has jurisdiction over Bellair pursuant to a forum selection clause contained within a credit application signed by an employee of Bellair. That clause states as follows:

I/We agree that all payments to which Aviall is entitled shall be paid to Aviall at its offices in Dallas, Dallas County, Texas; that the laws of Texas shall govern all transactions between Aviall and the undersigned and that exclusive venue and jurisdiction of any dispute or suit arising between Aviall and the undersigned shall lie within the courts of the State of Texas or within the courts of the United States of America located in the Northern District of Texas, Dallas Division.

The application was signed by L.E. Robillard, Office Manager, and dated September 21, 1982. Bellair argues that the consent is ineffective because Ken Bellows, owner and sole stockholder of Bellair, testified that he knew nothing of the document prior to the time this suit was filed and that Robillard had no authority to consent to having Bellair sued in the State of Texas. Bellair additionally argues that it did not have the requisite contacts with Texas to bring it within the jurisdiction of Texas courts. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 17.042 (Vernon 1986).

Aviall replies that Bellair's deemed admissions unequivocally establish that the written agreement giving Texas courts exclusive jurisdiction in suits or disputes between Aviall and Bellair was signed by a representative of Bellair who was authorized to sign it. Aviall argues further that: (1) the consent clause is enforceable because Robillard had either actual authority or apparent authority to sign; (2) Bellair is estopped from denying the validity of the document after treating it as valid by maintaining an open account since 1982; or (3) Bellair has ratified the application since it accepted the benefits thereof. Aviall further argues that regardless of the enforceability of the consent clause, Bellair had sufficient contacts with Texas for the trial court to obtain jurisdiction under Texas' long-arm statute.

## DEEMED ADMISSIONS

Aviall served its request for admissions on Bellair on December 20, 1989. Al-

though granted an extension of time in which to file answers to the requests, Bellair nonetheless failed to file answers. The requests for admissions were accordingly deemed admitted by operation of law. Included was the following request:

> 3. Admit or deny that the person who signed the Application for Credit on behalf of the Defendant was authorized to sign the Application for Credit on behalf of the Defendant.

When it failed to answer, Bellair admitted that Robillard had the authority to sign the document making it amenable to the jurisdiction of Texas courts. On March 2, 1990, after the special appearance evidentiary hearing, the court orally denied Bellair's special appearance, but stated on the record that Bellair would be given an additional thirty days to file answers to Aviall's requests for admissions. The final judgment, entered on September 5, 1990, noted that Bellair had been given until April 1, 1990, to answer the request for admissions but had not done so. It further recites that Bellair had not filed a sworn denial of Aviall's account in accordance with Texas Rules of Civil Procedure 93(10) and 185.

## STANDARD OF REVIEW

As a general rule an appellate court, in reviewing a trial court's ruling, must do so based on the record before the trial court when it made its ruling. *Gould v. City of El Paso*, 440 S.W.2d 696, 699 (Tex.Civ.App.—El Paso 1969, writ ref'd n.r.e.). We consider a challenge to jurisdiction by special appearance as being comparable to a challenge to venue. In each instance the trial court holds an interlocutory hearing. The ruling on the venue hearing is not appealable until after a trial on the merits. TEX.CIV.PRAC. & REM.CODE ANN. § 15.064(a) (Vernon 1986). The same is true of special appearance. In determining whether venue was proper, the appellate court will consider the entire record, including the evidence adduced at the trial on the merits. TEX.CIV.PRAC. & REM.CODE ANN. § 15.064(b) (Vernon 1986). Any inadequacy of evidence in the initial determination of the venue question is rendered harmless where the entire record shows that venue was proper in the county where the trial took place. *Lewis v. Exxon Co.,*

*U.S.A.*, 786 S.W.2d 724, 728 (Tex.App.—El Paso 1989, no writ).

Finding no State of Texas precedent on the standard of review on this point for special appearance and having been cited to none, we consider the venue precedent as supplying guidance in a special appearance circumstance. Considering the full record, which includes the evidence before the trial court at the special appearance hearing and the hearing on Aviall's motions for summary judgment, and Bellair's admission that Robillard had authority to sign the credit application and that the consent clause in the document is valid and binding, we conclude that the trial court did have jurisdiction. Even were we to conclude that the trial court had ruled incorrectly at the special appearance hearing, Bellair has not been harmed in light of its later admissions. We overrule point of error number one.

## BELLAIR'S COUNTERCLAIM

In its second point of error, Bellair claims that the trial court erred in granting Aviall's motion for summary judgment on Bellair's counterclaim. Bellair claimed that it was damaged by loss of revenue during excess down-time to its aircraft when Aviall failed to timely ship the engine. Bellair argues that since this claim is one for affirmative relief and is not a complaint about the account, it is not a compulsory counterclaim under rule 97 of the Texas Rules of Civil Procedure. Rule 97 states in pertinent part:

> A pleading shall state as a counterclaim any claim within the jurisdiction of the court, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

TEX.R.CIV.P. 97(a).

Bellair appears to argue that its counterclaim should have been severed from Aviall's suit on the account because the counterclaim is independent of the account and

is only incidentally before the court in connection with Aviall's motion for summary judgment on the account. We cannot agree with this argument. The above-quoted rule dictates that a counterclaim is compulsory if: (1) it is within the jurisdiction of the court; (2) it is not at the time of filing the answer the subject of a pending action; (3) the action is mature and owned by the pleader at the time of filing the answer; (4) it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; (5) it is against an opposing party in the same capacity; and (6) it does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction. *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 247 (Tex.1988). Bellair's counterclaim meets these criteria and is compulsory under rule 97 and, therefore, could not lawfully be severed.

■ A summary judgment is proper only when the movant establishes that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Tex.R.Civ.P. 166a(c); *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972). The burden of proof is on the movant, and all doubts regarding the existence of a genuine issue of fact are resolved against the movant. *Nixon v. Mr. Property Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); *Roskey v. Texas Health Facilities Comm'n*, 639 S.W.2d 302, 303 (Tex.1982). Once the movant has established a right to the summary judgment, the non-movant has the burden to respond to the motion and present any issues that would preclude summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979).

■ In our case, Bellair asserts its claim for monetary damages due to loss of use of its aircraft. Aviall's failure to deliver the engine as promised and misrepresentations it made to Bellair in that connection allegedly caused the monetary damages. In order to prevail as defendant on the counterclaim, Aviall must negate as a matter of law one or more elements of each of Bellair's causes of action or prevail as a matter of law on a defense to each of Bellair's causes of action. *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 537 (Tex. 1975); *Adam Dante Corp. v. Sharpe*, 483 S.W.2d 452, 455 (Tex.1972). When, as here, a court's order does not specify the grounds relied on for its ruling, summary judgment will be affirmed if any of the theories advanced are meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989); *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex.1970).

■ The trial court had before it the deemed admissions in which Bellair admitted it owed $9,836.02 to Aviall and "that all just and lawful offsets, payments and credits allowable on the account have been given" by Aviall to Bellair. We could conclude that this admission does not support Aviall's motion for summary judgment on Bellair's counterclaim only by agreeing with Bellair that its counterclaim is wholly separate, has no connection with the account, and therefore cannot be considered an "offset" as contemplated by the admission. As stated above, the counterclaim is compulsory. It is connected with the account. Aviall sued for money owed it on the purchase of the engine. Bellair filed its counterclaim for damages due to delayed delivery of the engine. The aim of a setoff is to adjust the indebtedness between the parties. *Nalle v. Harrell*, 118 Tex. 149, 152, 12 S.W.2d 550, 551 (1939). "Setoff is the doctrine of bringing into the presence of each other the obligations of A to B and B to A, and by the judicial action of the court making each obligation extinguish the other." *Id.* When Bellair filed its counterclaim it was, in effect, asking for a setoff. We conclude that the admission stating that Bellair had received all offsets due it precludes Bellair from arguing otherwise. *See id.; Roby Industries, Inc. v. Maxwell Electronics Corp.*, 409 S.W.2d 559 (Tex.Civ.App.—Dallas 1966, writ ref'd n.r.e.); *Young v. Archer Motor Co.*, 33 S.W.2d 752 (Tex.Civ.App.—Fort Worth 1930, no writ). Thus, Aviall met its initial burden under its motion. It then became incumbent upon Bellair to respond, presenting evidence to preclude summary judg-

ment. In its response, Bellair merely reiterated the same transactional facts as it saw them and then sought to incorporate several documents by reference. The list included three affidavits which are not found in the record on appeal. It is Bellair's burden to bring forth a record sufficient to demonstrate that the trial court committed reversible error. TEX.R.APP.P. 50(d). We therefore assume that the omitted evidence supports the trial court's judgment. *Englander Co. v. Kennedy,* 428 S.W.2d 806 (Tex.1968). We overrule point of error two.

We affirm the judgment of the trial court.

ROWE, Justice, dissenting.

I respectfully dissent. I cannot agree that appellate review of a special appearance hearing is comparable to appellate review of a venue hearing. The statute governing venue hearings specifically provides that an appellate court shall consider the *entire* record in determining whether venue was proper, including evidence adduced at trial on the merits. TEX.CIV.PRAC. & REM.CODE ANN. § 15.064(a) (Vernon 1986). To the contrary, the rule governing special appearances strongly suggests that discovery practices traditionally associated with a trial on the merits, such as the serving of requests for admissions, shall have no adverse effect on a party's right to object to trial court jurisdiction. TEX. R.CIV.P. 120a (Vernon 1979). Accordingly, I would follow the general rule and limit our review to the record before the trial court when it denied Bellair's special appearance. *Gould v. City of El Paso,* 440 S.W.2d 696, 699 (Tex.Civ.App.—El Paso 1969, writ ref'd n.r.e.).

The majority's conclusion that the trial court properly denied Bellair's special appearance is based upon a posthearing "deemed admission" regarding Bellair's due execution of a forum selection provision. Without detailing other evidence substantiating the lack of "sufficient minimum contacts," I conclude from review of that part of the record limited to the special appearance hearing that Bellair established

its objection to trial court jurisdiction as a matter of law. Thus, Bellair was entitled to an appropriate order dismissing the cause. TEX.R.CIV.P. 120a (Vernon 1979).

I would sustain Bellair's first point of error, reverse the trial court's judgment, and render judgment in favor of Bellair, Incorporated.