Lois Ann HENNIGAN, Appellant,

v.

I.P. PETROLEUM COMPANY, INC., and GCO Minerals Company, Inc., Appellees.

No. 09–92–032 CV.

Court of Appeals of Texas, Beaumont.

Jan. 28, 1993.

Rehearing Denied Feb. 4, 1993.

Richard Ellis Turkel, Orange, for appellant.

Kevin M. Jordan, Houston, for appellees.

Before WALKER, C.J., and
BROOKSHIRE and BURGESS, JJ.

## OPINION

BURGESS, Justice.

This is a summary judgment appeal. Lois Ann Hennigan sued I.P. Petroleum Company, Inc. and GCO Minerals Company, Inc. for intentional infliction of emotional distress, civil conspiracy, "negligent infliction of mental anguish" and sex discrimination under the Texas Commission on Human Rights Act. The alleged wrongful acts occurred in connection with the termination of Lois Hennigan's employment as a security/gate guard at I.P. Petroleum. Appellees filed a motion for summary judgment. The trial court granted the motion and entered a take nothing judgment. Appellant raises six points of error.

Lois worked as a security guard at the gate to the I.P. Petroleum oil field. Her husband Aldon Hennigan was also a security guard there. Lois filed for divorce and obtained a temporary restraining order which restrained Aldon from going about Lois' place of employment, and which also restrained Aldon's "agents, servants, and employees, and on those persons in active concert or participation with them and who receive actual notice of this order by personal service or otherwise." Appellant's employment was terminated August 12, 1989, the day after Aldon was served with the temporary restraining order.

Point of error one urges "the facts support that plaintiff's claim for sex discrimination is not time barred". An employer is prohibited from discharging an employee on the basis of gender. TEX.REV. CIV.STAT.ANN. art. 5221k, § 5.01 (Vernon

Supp.1992). Appellees claimed Hennigan failed to timely file a sworn complaint with the Texas Commission on Human Rights. They produced the document asserted to be the sworn complaint filed with the Commission. It is dated March 12, 1990, more than 180 days after the occurrence. As the movant seeking summary judgment on the ground of an affirmative defense, it was incumbent upon appellees to establish as a matter of law that no complaint was filed within the 180 day period. The March 12 complaint is titled *"Amended* Complaint". Since it is an amended complaint, there must be an original complaint, or at least the movants had a duty to establish that there was no original complaint. Appellees argue that the original complaint did not comply with all of the requirements of Article 5221k. This is not sufficient to establish a right to summary judgment as a matter of law. As a general rule, commencement of suit stays the running of the statute of limitation regardless of how defectively the cause may be presented, so that an amendment relates back to the time of filing of the original. *Curtis v. Speck,* 130 S.W.2d 348 (Tex.Civ.App.—Galveston 1939, writ ref'd). The summary judgment record does not reveal the date the original complaint was filed with the Texas Commission on Human Rights. Appellees failed to meet their initial burden, that is to establish a right to summary judgment as a matter of law. *Nixon v. Mr. Property Management,* 690 S.W.2d 546 (Tex.1985); Tex.R.Civ.P. 166a. Although appellant has shown error, the motion for summary judgment contained an alternate ground for summary judgment. Thus, we must review point of error two before we may consider whether the error raised under point of error one is reversible error.

■ Point of error two contends "the facts support that plaintiff's claim for sex discrimination was not abandoned nor waived by plaintiff." The motion for summary judgment urged there was no genuine issue of material fact on an essential element of appellant's cause of action for sex discrimination, based upon her deposition testimony, as follows:

Q. [By Counsel for Defendants]: Are you trying to tell the jury that you were fired in retaliation for you filing the divorce?

A. [By Lois Hennigan]: I think so.

Q. So, you weren't terminated because you're a woman, simply because you filed for divorce?

A. Do what now?

Q. You were not terminated, in your mind, because you are a woman. You were terminated simply because you filed for divorce?

A. Yes.

This is an admission she was not terminated on the basis of gender. This admission negates an essential element of her cause of action, entitling appellees to summary judgment unless the summary judgment evidence raised a fact issue. Hennigan claims she repudiated this testimony in her response to the motion for summary judgment. The affidavit includes the following statements:

1. [Counsel for defendants] was very aggravating and had me so upset, I did not completely realize what he was asking or what I was saying.

2. The real reasons they fired me were several. They wanted another man in the job, and also, they wanted to hurt me because I filed for divorce.

3. The men got together to hurt me, to get rid of me in retaliation for the divorce and to have an excuse to replace me with a man.

4. When [counsel for defendants] asked me the question "You were not terminated, in your mind, because you are a woman. You were terminated simply because you filed for divorce," I was not thinking of the legal aspect of my answer, but just trying to put into my own words what I thought they had done to me. They fired me for all the above reasons and because I am a woman. The word "simply" in the question was very confusing, and I had trouble responding to it. The question was worded in such a way as to be confusing, and it tricked me.

5. They persecuted me and fired me because I am a woman.

■ Statements 2, 3, and 5 are conclusory statements of opinion. Appellees objected on that ground. A legal conclusion in an affidavit is insufficient to raise an issue of fact in response to a motion for summary judgment. *Mercer v. Daoran Corp.*, 676 S.W.2d 580 (Tex.1984). Statements 1 and 4 place the deposition testimony in context but do not refute her previous admission beyond the conclusory assertion "they fired me ... because I am a woman." Summary judgment was proper because the summary judgment evidence negates an element of appellant's sex discrimination action. Points of error one and two are overruled.

■ Point of error three argues "the facts support a cause of action for intentional infliction of emotional distress which is not *solely* based on termination alone." Absent an express contract to the contrary, an employer has the absolute right to discharge an employee with or without cause. *East Line & R.R.R. Co. v. Scott*, 72 Tex. 70, 10 S.W. 99 (1888). Where there is an intentional infliction of emotional distress independent of the discharge of the employee the fact that the conduct was ancillary to the termination of employment is no defense for such conduct. *Casas v. Wornick Co.*, 818 S.W.2d 466 (Tex.App.—Corpus Christi 1991, writ granted). In order to assert a cause of action for intentional infliction of emotional distress, Hennigan must show: (1) appellees acted intentionally or recklessly; (2) the conduct was extreme and outrageous; (3) appellees' actions caused appellant emotional distress, and (4) the emotional distress suffered by appellant was severe. *Tidelands Auto Club v. Walters*, 699 S.W.2d 939 (Tex. App.—Beaumont 1985, writ ref'd n.r.e.). Hennigan argues: (1) the appellees' actions were retaliatory in nature because she was not discharged until she had the divorce petition served upon her husband; (2) the termination was sex discrimination; (3) the conduct was outrageous because she did nothing wrong with reference to her employer and she received little or no support

from her husband; (4) the conduct was outrageous because her husband and agents of appellees conspired to discharge her. A review of the summary judgment record reveals that Hennigan complains only of the fact of her termination and the motivation therefor, not the manner in which she was terminated. The record contains no conduct independent of the termination of employment, and no evidence that the termination was affected in an extreme and outrageous manner. *See Diamond Shamrock Refining and Marketing Co. v. Mendez*, 844 S.W.2d 198 (1992). Point of error three is overruled.

■ Point of error four urges the trial court erred in granting summary judgment on her cause of action for negligent infliction of emotional distress. There is no recognized separate tort for negligent infliction of emotional distress in the employment context. *Conaway v. Control Data Corp.*, 955 F.2d 358 (5th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 186, 121 L.Ed.2d 131 (1992); *McAlister v. Medina Elec. Co-op., Inc.*, 830 S.W.2d 659 (Tex. App.—San Antonio 1992, writ denied). On December 2, 1992, the Texas Supreme Court absolutely eliminated negligent infliction of emotional distress as a cause of action. *Boyles v. Kerr*, 36 Tex.Sup.Ct.J. 231, 1992 WL 353277, (December 2, 1992). Point of error four is overruled.

■ Point of error five contends "the facts support a cause of action for civil conspiracy". In order to assert a cause of action for civil conspiracy, Hennigan must show there was a combination of two or more persons to accomplish an unlawful purpose, or to accomplish a lawful purpose by unlawful means. *Carroll v. Timmers Chevrolet, Inc.*, 592 S.W.2d 922 (Tex.1979). To be actionable, a civil conspiracy must consist of wrongs that would be actionable against the conspirators individually. *International Bankers Life Ins. Co. v. Holloway*, 368 S.W.2d 567 (Tex. 1963). The trial court did not err in granting summary judgment on Hennigan's discrimination and distress claims. Since appellees were entitled to summary judgment on the underlying claims, they are likewise

entitled to summary judgment on the overarching conspiracy. Point of error five is overruled.

 Point of error six states: "Did the trial court err in granting defendants' motion for summary judgment where the facts show genuine issues of material fact still to exist?" To be entitled to summary judgment on the whole case, appellees must prove as a matter of law no genuine issue of material fact exists as to one or more elements of each of appellant's causes of action. *American Medical Electronics, Inc. v. Korn*, 819 S.W.2d 573 (Tex. App.—Dallas 1991, writ denied). Summary judgment was proper as to each of the theories pleaded. Point of error six is overruled. The judgment is affirmed.

AFFIRMED.

BROOKSHIRE, Justice, dissenting.

This is a sex discrimination case. Basically this suit is crucial to feminist rights if not the entire feminist movement.

The majority hold that appellant made an admission that she was not terminated on the basis of gender. With deference, I dissent. My reasons follow.

A motion for summary judgment was granted below. The motion for summary judgment ruled adversely *to appellant on several causes of action pleaded by her.* Appellees have not exploded all of the causes of action.

One of her major complaints was discrimination based on gender. Appellant contends that her rights were infringed upon under the Commission on Human Rights Act. The wrongful acts were pleaded to have occurred in connection with the termination of the appellant's employment as a security/gate guard.

Appellant was employed at relevant times as a security guard at the gate of an oil field. Her employer was IP Petroleum. An employer, it is conceded, is prohibited from discharging an employee on the basis of sex. Tex.Rev.Civ.Stat.Ann. art. 5221k § 5.01 (Vernon Supp.1992).

*The Other Causes of Action*

Appellant, by proper pleadings, stated a *cause of action for an intentional infliction of emotional distress. The majority states that Appellant must show (1) that the appellees acted intentionally or recklessly; (2) that the conduct was extreme and outrageous; (3) that the appellees' actions caused appellant emotional distress, and (4) that the emotional distress suffered by appellant was severe.* The majority has misplaced the burden. Appellees have to show as a matter of law that one or more of these elements of her correctly pleaded causes of action is totally absent as a matter of law.

The Court is, of course, correct in relying upon the very recent Texas Supreme Court case of *Boyles v. Kerr*, 36 Tex.Sup.Ct.J. 231, 1992 WL 353277 (December 2, 1992), which clearly eviscerated any cause of action *based solely on negligent infliction of emotional distress.*

As to the material facts concerning appellant's cause of action based on a civil conspiracy, I think the Court has misplaced the burden in a summary judgment proceeding. The majority is forcing the plaintiff to prove her case. This is error.

*The Appellant's Deposition*

In the course of litigation, if a party, either plaintiff or defendant, gives testimony in a deposition which is not consistent with and perhaps contradictory to the sworn testimony of that same party at the trial on the merits, a fact issue is raised to be determined by the jury or the bench. The appellant's deposition testimony and the appellant's response and her affidavit contained in the response, in my view, raise a genuine issue of a material fact.

To be conclusive, an admission of a party must be clear, unequivocal, free from doubt, and knowingly and understandably made by the declarant. The declarant must have appreciated and fully understood the question involved. Appellant did not so understand the deposition question.

It is axiomatic that we must take as true the affidavit of the non-movant. It is important also for us to look at the entire

record insofar as it trenches upon summary judgment proof. A crucial document exists in the record before us. In that document the appellant states (as I interpret the document) under oath that she was illegally discriminated against in violation of the Civil Rights Act of 1964, *as amended,* 42 U.S.C. § 2000e *et seq.* (West 1981), due to her sex, being that of a female. She then states certain important facts and their chronology.

She was hired on March 20, 1989. She was earning $5.00 per hour; she was performing satisfactorily on her job, and performing her duties satisfactorily as a gate guard. No other person was laid off due to budgetary cutbacks; she was actually replaced by a male. She says the excuse— not the reason—for firing her was budgetary cutbacks. By a necessary inference and by a reasonable implication, this certainly raised an issue that appellant was terminated because of her gender. A male immediately replaced her.

In my view there are critical parts of the appellant's affidavit that are much more than mere conclusions. She stated that *another man* was wanted on the job in her place, and that the movants wanted to have an excuse to replace her with a man. Importantly, there is a document in the record entitled a "Letter of Recommendation". This letter stated that the appellant had been in the employ of IP Petroleum Co., Inc., from about March 20, 1989, until either *August or September 12, 1989. She worked regularly on schedule. The schedule was eight hours a day, seven days a week, with an occasional day off.*

Her work had been completely satisfactory and she had had no difficulty performing her onerous job. The letter of recommendation stated that the reason for termination is "lay-off due to budgetary cutbacks". But no reduction in the number of guards took place. This part of the letter is directly contradicted by the appellant's affidavit concerning the lay-off situation. There exists another document before us which reveals that although the plaintiff was laid off due to alleged budgetary cutbacks, *the employer was still working*

*three people on the shifts at the guard gate.* The document states that the appellant was replaced by a man. Since we must take the non-movant's evidence as being true and correct, the evidence, in my opinion, at least shows by necessary and reasonable inference *that the appellant was not laid off due to budgetary cutbacks but was actually replaced by a male employee at the guard gate.* Thus, an inference of sex discrimination is shown.

### The Conflict in the Appellant's Own Testimony

Remembering that this is a summary judgment proceeding and realizing that there is an affidavit which in summary judgment practice destroys the conclusiveness of her deposition testimony, it should be stressed that the appellant *swore that she was very upset because of the very aggravating manner in which the attorney was questioning her at deposition. She swore that she did not realize what he was really asking about. In this affidavit, she raises the issue that the employer wanted a man on the job. She further stated that the employer wanted to have an excuse to replace her with a man.* Whether we believe this affidavit and the other summary judgment proof as proffered by the non-movant is simply not determinative. We must take appellant's affidavits as being true and correct. Appellant's testimony raises genuine issue of material facts on sex discrimination. *Gaines v. Hamman,* 163 Tex. 618, 358 S.W.2d 557 (1962).

Under the new Rules of Evidence, a witness can give testimony concerning an ultimate issue. TEX.R.CIV.EVID. 704. Rule 704 permits testimony in the form of an opinion and the same is not objectionable simply because it embraces an ultimate issue.

There also exists an affidavit by a qualified affiant that the exhibits that are attached to the affidavit of the appellant are true and correct.

Appellant swore that she had personal knowledge of the facts that are set out in her affidavit of response and that the facts are true and correct. She swore: "Mr.

Jordan was very aggravating and had me so upset, I did not completely realize what he was asking or what I was saying." Mr. Jordan was the opposing attorney. I have no criticism of Mr. Jordan; he was doing his job; but this raises issues. She swore that her employers wanted another man on the job which relates to termination by discrimination because of her sex. She further swore later in her affidavit:

They fired me for all the above reasons *and because I am a woman.* The word "simply" in the question was very confusing, *and I had trouble responding to it. The question was worded in such a way as to be confusing, and it tricked me.*

5. *They persecuted me and fired me because I am a woman.* (emphasis added) Since her deposition answer has been explained away, at least for purposes of a summary judgment proceeding, these answers are simply not binding upon her. She swore repeatedly that she was gotten rid of and terminated *so an excuse would exist to replace her with a man.* Directly and by reasonable inference and intendment that raises the issue of discrimination because of sex.

### Her Shorthand Rendition of the Facts

A reading of her entire affidavit draws me to the conclusion that she was giving a shorthand rendition of the facts, or a shorthand rendering of the facts. 2 ROY R. RAY, TEXAS LAW OF EVIDENCE CIVIL AND CRIMINAL § 1397 (rev.1980). According to her affidavit, when the appellant swore that she was terminated and fired because she was a woman; it is clear that her statement is not grounded solely on mere guesswork. She set forth facts that clearly contradicted the theory that there was to be a reduction in force and a reduction in the number of guards in order to effect economies. Her affidavit is rationally based on the realistic perception of the affiant and is helpful to the determination of a fact in issue and is certainly helpful to the determination of whether or not a material fact exists.

Her affidavit complies with TEX.R.CIV. EVID. 701. As a non-expert she could give opinions based on factual perceptions.

Although this appeal is cast in an unusual procedural posture, the Court's opinion is of watershed interest to the feminist movement and to the practical remedies available under the Commission on Human Rights Act. The resolution of this dispute at this intermediate appellate level is important and pivotal to the women of Texas and to the civil rights of all Texans and especially to those who may be discriminated against because of their gender. Appellant should have her day in court.

She pleaded a violation of her rights in that the *defendants acted in concert* with her husband in an attempt to deny her rights under TEX. CONST. art. I § 13. She also pleaded that the defendants were engaged in a civil conspiracy to deny her her civil and constitutional rights. She has pleaded that the conduct of the various defendants was a civil conspiracy which was malicious and without legal justification and the conspiratorial acts were performed and carried out with the intent to injure her by the necessary consequences of this oppression. The civil conspiracy was also to unlawfully discharge her and deprive her of her employment.

A civil conspiracy may be defined as being an agreement to enter into a wrongful act or to proceed in a tortious manner; also there must exist some act committed by one or more of the parties to advance or pursue the conspiracy or to implement the conspiratorial agreement. The appellees have not negated as a matter of law the cause of action for civil conspiracy.

### The Timeliness of Filing the Claim

The defendants defend on the contention that the claim of sexual discrimination was filed too late and that the appellant, in effect, testified herself out of court. I would disagree on both counts. The appellant's testimony shows that her employment was terminated on August 12, 1989. She filled out properly and completely a job service complaint and referral record dated August 14, 1989.

There is an acknowledgement of receipt for this claim for discrimination dated August 21, 1989, by one Carolyn Jones who is an EEO officer. *The notification form states that the complaint has been referred for appropriate action.* The notification and acknowledgement specifically refers to the complaint dated August 14, 1989. *Her initial complaint was certainly timely filed.* In this complaint she certified and affirmed as to all the information contained therein as being true and accurate. Her complaint is made upon the form that is furnished by the appropriate state agency. Hence, her complaint was not only timely filed but promptly filed.

Her certification, I opine, took the place of any oath or affirmation since it was on the form furnished to her by the state agency. The absence of a notarial act cannot be held against her. How can the state agency require this lay-woman, unskilled in the niceties and subtleties of the law, to go before a notary public when the form the agency furnished, has no place for such a notarial act? Hence, appellees' first major defense is not valid. Appellees have not shown as a matter of law that her complaint was not filed timely.

The name and the title of the person originally receiving the complaint was Rita Laughlin, Employment Supervisor.

From the entire record, it is apparent that the defendants simply have not negated at least one necessary element of the numerous causes of action pleaded and presented by the plaintiff.

A defendant or defendants who move for summary judgment have the burden of showing as a matter of law that no material issue of fact exists for the plaintiff's cause of action. *Arnold v. Nat. County Mut. Fire Ins. Co.,* 725 S.W.2d 165, 166–167 (Tex.1987). The defendant-movant may accomplish this by the defendant's summary judgment evidence showing that at least one element of the plaintiff's cause of action or causes of action has been established conclusively against the plaintiff. *Einhorn v. LaChance,* 823 S.W.2d 405 (Tex.App.—Houston [1st Dist.] 1992, writ dism. w.o.j.). But most importantly, a summary judgment for the defendant disposing of the entire case *is proper if but only if as a matter of law the plaintiff could not succeed upon any of the theories pleaded. Delgado v. Burns,* 656 S.W.2d 428, 429 (Tex.1983). Certainly here, under this record, the defendants have not as a matter of law proved that the plaintiff could not succeed on any of the theories or any one of the numerous causes of actions that she has pleaded by her live pleadings. We quote from *Delgado v. Burns, supra:*

> The issue on appeal from a summary judgment is whether the movant established as a matter of law his entitlement to summary judgment by conclusively proving that no genuine issue of material facts exists as to his cause of action or defense. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979); *Gibbs v. General Motors Corporation,* 450 S.W.2d 827, 828 (Tex. 1970); Tex.R.Civ.P. 166–A.

*See Gibbs v. General Motors Corporation,* 450 S.W.2d 827 (Tex.1970). *Gibbs* holds that a movant in a summary judgment proceeding must establish as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *And of course, this rule applies to each separate cause of action that is pleaded by the plaintiff.* The summary judgment rule itself provides that there must be no genuine issue as to any material fact and that the moving party must prove that party is entitled to judgment as a matter of law Tex.R.Civ.P. 166a. In light of the discussion below, it is clear that there is an actual, genuine issue as to the material fact as to whether the appellant's employment was terminated because of sex discrimination. *Bellair, Inc. v. Aviall of Texas, Inc.,* 819 S.W.2d 895 (Tex.App.—Dallas 1991, writ denied), is definitely on point. We quote:

> *Aviall must negate as a matter of law one or more elements of each of Bellair's causes of action or prevail as a matter of law on a defense to each of Bellair's causes of action. Rosas v. Buddies Food Store,* 518 S.W.2d 534, 537

(Tex.1975); *Adam Dante Corp. v. Sharpe,* 483 S.W.2d 452, 455 (Tex.1972). (emphasis added)

And any doubts in the matter must be resolved in favor of the non-movant. *See Nixon v. Mr. Property Management,* 690 S.W.2d 546 (Tex.1985).